Patricia L. Peden (State Bar No. 206440)
Jesse A. Macias (State Bar No. 254794)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
2026-05-04@cases.warrenllp.com

Laurin H. Mills
WERTHER & MILLS, LLC
2121 Eisenhower Avenue, Suite 608
Alexandria, Virginia 22314
+1 (703) 547-4693
+1 (240) 912-3031 facsimile
laurin@werthermills.com

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| D.B., | ) Case No. |
| | ) |
| Plaintiff, | ) **PLAINTIFF'S ADMINISTRATIVE** |
| | ) **MOTION TO SEAL COMPLAINT** |
| | ) |
| v. | ) |
| | ) |
| JOHN DOE, COINBASE GLOBAL, INC., | ) |
| and COINBASE, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

Pursuant to Civil Local Rules 7-11 and 79-5 Plaintiff D.B. ("Plaintiff"), respectfully submits this Administrative Motion for an order sealing certain portions of Plaintiff's Complaint.

Pursuant to Civil Local L.R. 79-5(c), this administrative motion is accompanied by the following:

1. The specific statement below required by Civil L.R. 79-5(c);

2. Declaration of Jesse A. Macias in Support of D.B.'s Administrative Motion to Seal ("Macias Decl.");

3. A proposed order that lists each portion thereof to be sealed; and

4. An unredacted copy of the Complaint.

The following portions of the Complaint contain confidential information that the Plaintiff is requesting to remain sealed:

From Paragraphs 1, 14, 19, 47, and 55, the dollar amount in digital assets in Plaintiff's Ethereum-based wallet that was stolen by Defendant John Doe.

From Paragraphs 1, 24, and 62, the at least dollar amount of traceable stolen funds deposited into a Coinbase, Inc. retail-user account.

From Paragraph 24, the wallet address associated with a Coinbase retail-user to whom Zero Shadow traced a portion of the funds stolen from Plaintiff.

From Paragraph 25, Coinbase's internal reference number for the traced Coinbase funds.

From Paragraph 27, the transaction hash of the transaction depositing traceable stolen funds to the wallet address associated with a Coinbase retail-user.

The Ninth Circuit applies two standards to motions to seal court filings: "compelling reasons" and "good cause." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). Which standard to apply "will turn on whether the motion is more than tangentially related to the merits of a case" or "able to significantly affect the disposition of the issues in the case." *Id.* at 1100-01. Courts must "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1097 (cleaned up). "Such public and private interests take into account whether disclosure of the information will cause a party embarrassment or violate any privacy interests, and whether the case involves issues important to the public." *Strike 3 Holdings, LLC v. Doe*, 791 F. Supp. 3d 1102, 1105 (N.D. Cal. 2025). Fed. R. Civ. P. 5.2(a) lists "financial-account number(s)" as private information to be redacted from "filings made with the court." *See Florence v. Cenlar Fed. Sav. & Loan*, No. 216CV00587, 2017 WL 1078637, at *3 (D. Nev. Mar. 20, 2017) ("To the extent this concern relates to Plaintiff's personal identifiers and financial account numbers, that information must be redacted without Court order").

//

//

## I.    Plaintiff's Motion to Seal Financial Account Numbers

The wallet address associated with a Coinbase retail-user to whom Zero Shadow traced a portion of the funds stolen from Plaintiff (Compl. ¶ 24); Coinbase's internal reference number for the traced Coinbase funds (Compl. ¶ 25); and the transaction hash of the transaction depositing traceable stolen funds to the wallet address associated with a Coinbase retail-user (Compl. ¶ 27) are "financial-account number(s)" that "must be redacted without Court order." Macias Decl. ¶ 4.

Even if these account numbers were not "financial-account number(s)" covered by Fed. R. Civ. P. 5.2(a), they are only "tangentially related to the merits of a case" and do not "significantly affect the disposition of the issues in the case." Thus, the "good cause" standard should apply. Plaintiff has "good cause" to redact this information not only to prevent the disclosure of the account holder's personal information, but also to prevent criminals from tracing the funds. In the event Plaintiff recovers the funds from this account, criminals are likely to attempt to trace the funds in order to target Plaintiff and Plaintiff's cryptocurrency wallet again. Macias Decl. ¶ 4.

## II.    Plaintiff's Motion to Seal Confidential Information About Plaintiff's Finances

The dollar amount in digital assets in Plaintiff's Ethereum-based wallet that was stolen by Defendant John Doe (¶¶ 1, 14, 19, 47, 55) and the at least dollar amount of traceable stolen funds deposited into a Coinbase, Inc. retail-user account (¶¶ 1, 24, 62) are confidential information about Plaintiff's finances. Macias Decl. ¶ 5. They are not relevant to "*the merits of a case*" or "able to significantly affect the disposition of *the issues in the case*." (Emphasis added). Thus, the "good cause" standard should apply. Even if the Court were to apply a "compelling reasons" standard, Plaintiff has such reasons to redact information about the funds stolen from Plaintiff.

In *In re Copley Press, Inc.*, the Ninth Circuit held that a district court "clearly erred" by ordering that a cartel member's plea agreement be unsealed, except for the "names, birthdates, and addresses" of certain individuals. 518 F.3d 1022, 1025, 1029 (9th Cir. 2008). Despite the district court's redaction of the individual's identities, the Ninth Circuit reasoned that there was "a substantial probability that unsealing the information contained therein will endanger these people." *Id.* at 1029.

Individuals with significant cryptocurrency holdings are increasingly at risk of attacks from criminals exploiting the transparency of cryptocurrency to identify targets and exploiting the

PLAINTIFF'S ADMINISTRATIVE MOTION TO SEAL COMPLAINT

decentralization of cryptocurrency to facilitate the laundering of stolen funds.  Chainalysis, a "blockchain data platform," counted 80,000 attacks on individual cryptocurrency wallets in 2025, accounting for over $713 million in stolen digital assets.  Chainalysis Team, *North Korea Drives Record $2 Billion Crypto Theft Year, Pushing All-Time Total to $6.75 Billion*, Chainalysis (Dec. 18, 2025), https://www.chainalysis.com/blog/crypto-hacking-stolen-funds-2026/.  These attacks are targeted and "[c]riminals have started to find who owns which wallet, by using illicit software to analyze blockchain data."  Niamh Rowe, *Online Hacks to Offline Heists: Crypto Leaders on Edge Amid Increasing Attacks*, The Guardian (Jun. 28, 2025), https://www.theguardian.com/technology/2025/jun/28/cryptocurrency-hacks-kidnappings-crime.  These attacks are often violent.  Kidnappings have "surged;" "[a]ssailants invade homes to steal devices or force hostages to unlock their online wallet at gunpoint."  *Id.*  New York police reported a cryptocurrency investor who was "tortured with a chainsaw and taser for weeks."  *Id.* Police in Spain reported a couple that were kidnapped together and one was left dead in woodland.  Joe Tidy, *How Crypto Criminals Stole $700 Million from People - Often Using Age-Old Tricks*, BBC (Jan. 18, 2026), https://www.bbc.com/news/articles/c93w30gl5jno.

Plaintiff has already been the victim of a targeted cryptocurrency attack.  Revealing information about Plaintiff's cryptocurrency holdings would only draw more attention to Plaintiff from criminals, and make him more likely to suffer another attack.  Macias Decl. ¶ 5.

Accordingly, Plaintiff respectfully requests that the Court seal the portions of the Complaint listed above, which are redacted in the Complaint.

Date:  May 4, 2026

Respectfully submitted,

/s/ Patricia L. Peden_____
Patricia L. Peden (State Bar No. 206440)
Jesse A. Macias (State Bar No. 254794)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
2026-05-04@cases.warrenllp.com

Laurin H. Mills
WERTHER & MILLS, LLC
2121 Eisenhower Avenue, Suite 608

PLAINTIFF'S ADMINISTRATIVE MOTION TO SEAL COMPLAINT

Alexandria, Virginia 22314
+1 (703) 547-4693
+1 (240) 912-3031 facsimile
laurin@werthermills.com+

*Counsel for Plaintiff*

PLAINTIFF'S ADMINISTRATIVE MOTION TO SEAL COMPLAINT