Patricia L. Peden (State Bar No. 206440)
Jesse A. Macias (State Bar No. 254794)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
26-4050@cases.warrenllp.com

Laurin H. Mills
WERTHER & MILLS, LLC
2121 Eisenhower Avenue, Suite 608
Alexandria, Virginia 22314
+1 (703) 547-4693
+1 (240) 912-3031 facsimile
laurin@werthermills.com

*Counsel for Plaintiff*

Robert E. Dunn (State Bar No. 275600)
Eimer Stahl LLP
1999 South Bascom Avenue, Suite 1025
Campbell, California, 95008
+1 (408) 889-1690
rdunn@eimerstahl.com

Christopher Markham (*pro hac vice*)
One Madison Avenue, Suite 2400
New York City, New York, 10010
+1 (888) 908-7930
christopher.markham@coinbase.com

*Attorneys for Defendants Coinbase Global, Inc. and Coinbase, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| D.B., | ) Case No. 3:26-cv-04050-TSH |
| Plaintiff, | ) **JOINT DISCOVERY LETTER BRIEF #1** |
| v. | ) |
| JOHN DOE, COINBASE GLOBAL, INC., and COINBASE, INC., | ) **JURY TRIAL DEMANDED** |
| Defendants. | ) |

In this joint letter brief, Plaintiff D.B. and Defendants Coinbase Global, Inc. and Coinbase, Inc. request the Court grant the attached proposed Order Granting Expedited Discovery (Exhibit A) and enter the attached Protective Order (Exhibit B). The proposed order would grant Plaintiff D.B. leave to propound expedited discovery on Defendant Coinbase, Inc in the form of the attached First Set of Requests for Production by Plaintiff D.B. to Defendant Coinbase, Inc. (Exhibit C) and First Set of Interrogatories by Plaintiff D.B. to Defendant Coinbase, Inc. (Exhibit D). The Protective Order is based on the United States District Court, Northern District of California's Model Stipulated Protective Order

//

(for standard litigation).  The protective order has been signed by both parties, and it does not differ materially from the model protective order.

The parties have adhered to Section 9 of the Northern District's Guidelines for Professional Conduct for discovery before submitting this joint letter.  In addition to exchanging written correspondence regarding Plaintiff D.B.'s discovery requests, on Tuesday June 9, 2026, lead counsel participated in a meet and confer by videoconference to discuss the issues raised over correspondence. The parties reached an agreement, that is contingent on the Court granting the proposed Order Granting Expedited Discovery and entering the parties agreed to Protective Order.

Dated:  June 29, 2026

Respectfully submitted,

*/s/ Patricia L. Peden*
Patricia L. Peden (State Bar No. 206440)
Jesse A. Macias (State Bar No. 254794)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
26-4050@cases.warrenllp.com

Laurin H. Mills
WERTHER & MILLS, LLC
2121 Eisenhower Avenue, Suite 608
Alexandria, Virginia 22314
+1 (703) 547-4693
+1 (240) 912-3031 facsimile
laurin@werthermills.com

*Counsel for Plaintiff*

*/s/ Robert E. Dunn*
Robert E. Dunn (State Bar No. 275600)
Eimer Stahl LLP
1999 South Bascom Avenue, Suite 1025
Campbell, California, 95008
+1 (408) 889-1690
rdunn@eimerstahl.com

Christopher Markham (*pro hac vice*)
One Madison Avenue, Suite 2400
New York City, New York, 10010
+1 (888) 908-7930
christopher.markham@coinbase.com

*Attorneys for Defendants Coinbase Global, Inc. and Coinbase, Inc.*

**Plaintiff's Position**

Plaintiff D.B. requests an Order Granting Expedited Discovery and accompanying Protective Order to facilitate limited, early discovery from defendant Coinbase, Inc. The proposed Order is attached as Exhibit A, and the proposed Protective Order is attached as Exhibit B. Defendant Coinbase, Inc. provided its assent.

Plaintiff seeks early discovery with respect to defendant Coinbase, Inc. in order to uncover the identity of defendant John Doe. As alleged in the Complaint, John Doe "is an international cybercriminal whose real name is not known." ¶5. John Doe stole funds from Plaintiff. ¶¶17-19. Plaintiff "in addition to notifying law enforcement, retained Zero Shadow and Five Stones Intelligence to trace the stolen cryptocurrency." ¶22. "Zero Shadow traced a portion of the stolen funds … to a Coinbase retail-user account." ¶24. As further alleged, "Coinbase has acknowledged that it holds these traced funds and has indicated that a court order adjudicating ownership is required before it will release the frozen assets." Id. ¶2. Thus, Plaintiff has traced stolen funds to a Coinbase account, but Plaintiff requires Coinbase account information associated with the account the funds were traced to in order to identify John Doe, and Plaintiff requires Coinbase, Inc. to respond to Plaintiff's discovery requests in order to obtain that Coinbase account information.

While discovery is generally prohibited prior to a Rule 26(f) conference, Fed. R. Civ. P. 26(d)(1), the Court may permit early discovery where, as here, the identity of a defendant is unknown to Plaintiff and early discovery is likely to reveal the identity of the unknown defendant. Marketo, Inc. v. Doe, No. 18-CV-06792-JSC, 2018 WL 6046464, at *2 (N.D. Cal. Nov. 19, 2018) ("When the identities of defendants are not known before a complaint is filed, a plaintiff should be given an opportunity through discovery to identify the unknown defendants. . .") (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). Plaintiff seeks permission to serve one interrogatory and one request for production focused on information and documents revealing the identity of defendant John Doe.

**Defendants' Position**

Defendants Coinbase Global, Inc. and Coinbase, Inc. assent to Plaintiff D.B.'s request on the condition that a Protective Order is in place that will protect sensitive information produced in discovery.