# EXHIBIT C

Patricia L. Peden (State Bar No. 206440)
Jesse A. Macias (State Bar No. 254794)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
26-4050@cases.warrenllp.com

Laurin H. Mills
WERTHER & MILLS, LLC
2121 Eisenhower Avenue, Suite 608
Alexandria, Virginia 22314
+1 (703) 547-4693
+1 (240) 912-3031 facsimile
laurin@werthermills.com

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| D.B.,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE, COINBASE GLOBAL, INC., and COINBASE, INC.,<br><br>Defendants. | Case No. 3:26-cv-04050-TSH<br><br>**FIRST SET OF REQUESTS FOR PRODUCTION BY PLAINTIFF D.B.**<br><br>**JURY TRIAL DEMANDED** |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff D.B. ("Plaintiff") hereby requests that Defendants produce the following documents and things for discovery and inspection at the offices of Warren LLP, 2261 Market Street, No. 606, San Francisco, CA, 94114, within 30 days after service hereof, in accordance with the following definitions and instructions.

## DEFINITIONS

Unless specifically indicated, or otherwise required by the context in which the terms and names are used, the following definitions and instructions apply. Capitalized terms used in these definitions are defined separately in the following definitions.

1. The phrase "THE ACCOUNT" refers to the COINBASE account or accounts referenced in paragraphs 24 and 25 of Plaintiff's Complaint (Dkt. 1).

2. The terms "ALL," "ANY," and "EACH" shall be construed as all, any, and each.

3. The terms "COINBASE," "YOU," and "YOUR" means defendants Coinbase Global, Inc. and Coinbase, Inc., their officers, directors, principals, current and former employees, counsel, agents, consultants, representatives, and ANY other persons acting on behalf of ANY of the foregoing; as well as ANY subsidiaries, parents, affiliates, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and ALL predecessors and successors in interest to such entities.

4. The term "DOCUMENT" includes ALL documents and electronically stored information as defined in Rule 34 of the Federal Rules of Civil Procedure.

5. The term "IDENTIFY" means: (a) for a natural person, to state ALL personal information available to COINBASE regarding the individual, INCLUDING the individual's full name, employer, and current or last known personal address, personal telephone number, and email address; (b) for a person besides a natural person, to state ALL information available to COINBASE regarding the person, INCLUDING the person's full legal name, place of incorporation or formation, and address of their principal place of business.

6. The word "INCLUDING" shall mean "including but not limited to."

7. The term "OWNER" means ANY person who holds, controls, or has or had ANY legal, equitable, or beneficial interest in THE ACCOUNT, INCLUDING without limitation: (a) the registered or named holder of THE ACCOUNT; (b) ANY person who opened, registered, or applied to open THE ACCOUNT; (c) ANY PERSON in whose name THE ACCOUNT is or was maintained; (d) ANY PERSON who has or had authority to access, control, fund, transact through, deposit to, transfer from, or withdraw from THE ACCOUNT, whether or not exercised; and (e) ANY beneficial owner of THE ACCOUNT or of ANY assets held in or through THE ACCOUNT.

## INSTRUCTIONS

1. In responding to these DOCUMENT requests, YOU shall produce ALL responsive DOCUMENTS and tangible things which are in YOUR possession, custody, or control or in the possession, custody, or control of YOUR current or former directors, officers, partners, members,

employees, advisors, agents, representatives, subsidiaries, managing agents, affiliates, attorneys, accountants, auditors, investigators, servants, or other PERSONS acting or purporting to act on YOUR behalf. A DOCUMENT shall be deemed to be within YOUR control if YOU have the right to secure the DOCUMENT or a copy of the DOCUMENT from another PERSON having possession or custody of the DOCUMENT, or if the DOCUMENT is deemed to be within YOUR control under applicable law. If a DOCUMENT is responsive to the requests and is not in YOUR control, IDENTIFY the PERSON or ENTITY (by name, business address and residential address, occupation, and job title) having possession or custody.

2. As necessary to bring within the scope of the requests ANY DOCUMENTS or information that might otherwise be construed to be outside their scope, the words "and" and "or" shall be construed either disjunctively or conjunctively; the singular shall include the plural and the plural shall include the singular; and the use of a verb in ANY tense shall be construed as the use of the verb in ALL other tenses.

3. EACH requested DOCUMENT shall be produced in its entirety, along with ANY attachments, drafts, and non-identical copies, INCLUDING copies that differ by virtue of handwritten or other notes or markings.

4. If ANY portion of ANY DOCUMENT is responsive to ANY request, the entire DOCUMENT, INCLUDING ANY attachments or enclosures, must be produced. If a DOCUMENT responsive to the DOCUMENT requests cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

5. ALL DOCUMENTS should be produced in their original form, as they are maintained in the ordinary course of business, INCLUDING in the sequence in which they are ordinarily maintained, or shall be organized and labeled to correspond to the specific DOCUMENT requests to which they are responsive.

6. ALL DOCUMENTS stored in electronic format, INCLUDING email, shall be produced with ALL electronic data INCLUDING metadata, sequence, and attached or embedded objects.

//

7. Unless otherwise agreed by ALL parties, ALL DOCUMENTS shall be Bates stamped and shall be produced electronically in single page Group IV TIF format; or produced in their native file format with Bates and confidentiality designation, if there be ANY, appended to the end of their file name.

8. If ANY objection is made to ANY of these DOCUMENT requests, the response shall state with specificity the grounds for the objection, whether ANY DOCUMENT is being withheld from inspection and production based on such objection, or whether inspection or production of the responsive items will occur notwithstanding such objection. If YOU object to ANY DOCUMENT request on grounds of overbreadth or similar bases, YOU are instructed to respond to the DOCUMENT request as narrowed.

9. If YOU claim ANY form of privilege, immunity, or ANY other objection, whether based on statute, common law, or otherwise, as a ground for not producing ANY requested DOCUMENT, furnish a list identifying EACH DOCUMENT for which the privilege, immunity, or other objection is claimed, in whole or in part, together with the following information: a description of the type of DOCUMENT (e.g., email, letter, agreement, memorandum, etc.); date; sender; recipients; PERSONS to whom the DOCUMENT (or copies thereof) was provided; subject matter; and basis upon which a privilege, immunity, or other objection is claimed.

10. If ANY DOCUMENT requested herein was lost, discarded, destroyed, deleted, or otherwise is no longer in YOUR possession, custody, or control, state and specify in detail for EACH such DOCUMENT: a description of the type of DOCUMENT (e.g., email, letter, agreement, memorandum, etc.); date; sender; recipients; PERSONS to whom the DOCUMENT (or copies thereof) was provided (INCLUDING their job titles and professional affiliations); the information contained therein; the date upon which it ceased to be in YOUR possession, custody, or control; the manner of disposal; the reasons for disposal; the PERSONS authorizing the disposal; the PERSONS effectuating the disposal; the DOCUMENT requests to which such DOCUMENT is responsive; and the identity of ALL PERSONS having knowledge of the contents, or circumstances around the disposition, thereof.

//

//

11. These DOCUMENT requests are continuing in nature and ANY DOCUMENT obtained subsequent to production which would have been produced had it been available or its existence been known at the time of production, shall be produced forthwith.

12. Unless otherwise stated, the relevant time period for the requests is the date THE ACCOUNT was first created to the present.

13. These Requests, INCLUDING the Definitions and Instructions, are intended to be consistent with the scope and requirements of ALL applicable rules and law. No Instruction or Definition provided herein is intended to constrict or expand Defendant's obligation to provide disclosures in accordance with ALL applicable rules of law, INCLUDING Rules 26 and 34 of the Federal Rules of Civil Procedure, and Local Civil Rule 34.1.

**DOCUMENT AND THINGS REQUESTED**

**REQUEST FOR PRODUCTION NO. 1:**

DOCUMENTS sufficient to IDENTIFY the OWNER of THE ACCOUNT, INCLUDING ANY changes in ownership of THE ACCOUNT since THE ACCOUNT was first created to the present.

Dated: June 29, 2026

Respectfully submitted,

*/s/ Patricia L. Peden*

Patricia L. Peden (State Bar No. 206440)
Jesse A. Macias (State Bar No. 254794)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
26-4050@cases.warrenllp.com

Laurin H. Mills
WERTHER & MILLS, LLC
2121 Eisenhower Avenue, Suite 608
Alexandria, Virginia 22314
+1 (703) 547-4693
+1 (240) 912-3031 facsimile
laurin@werthermills.com

*Counsel for Plaintiff*