Robert E. Dunn (State Bar No. 275600)
rdunn@eimerstahl.com
EIMER STAHL LLP
1999 South Bascom Avenue, Suite 1025
Campbell, CA 95008
Telephone: (408) 889-1690

Christopher Markham (appearance *pro hac vice*)
christopher.markham@coinbase.com
COINBASE, INC.
One Madison Avenue, Suite 2400
New York City, NY 10010
Telephone: (888) 908-7930

*Attorneys for Defendants Coinbase Global, Inc.*
*and Coinbase, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| D.B.,<br><br>              Plaintiff,<br>v.<br><br>JOHN DOE, COINBASE GLOBAL, INC., and COINBASE, INC.,<br><br>              Defendants. | Case No. 3:26-cv-04050-TSH<br><br>**DEFENDANTS COINBASE GLOBAL, INC. AND COINBASE, INC.'S ADMINISTRATIVE MOTION TO SEAL ANSWER WITH CROSS-CLAIM AND COUNTERCLAIM FOR INTERPLEADER**<br><br>Judge: Hon. Thomas S. Hixson |

Pursuant to Civil Local Rules 7-11 and 79-5, Defendants Coinbase Global, Inc. and Coinbase, Inc. ("Defendants") respectfully move this Court for an order permitting the filing under seal of their Answer and Interpleader.

Pursuant to Civil Local Rule 79-5(c), this administrative motion is accompanied by the following:

1. The specific statement below required by Civil Local Rule 79-5(c);

2. Declaration of Robert E. Dunn in Support of Coinbase Global, Inc. and Coinbase, Inc.'s Administrative Motion to Seal Answer and Interpleader ("Dunn Decl.");

3. A proposed order that lists each portion thereof to be sealed; and

4. An unredacted copy of the Answer and Interpleader.

As required by Civil Local Rule 79-5(b), Defendants have narrowly tailored this request to seek sealing only of sealable material and have only requested redaction of portions of the Answer and Interpleader. *See A.B. Pacific Fertility Ctr.*, 441 F. Supp. 3d 902, 906–07 (N.D. Cal. 2020) (granting, in part, parties' administrative motions to seal where requests narrowly tailored under Civil Local Rule 79-5). The following portions of the Answer and Interpleader contain confidential information that Coinbase are requesting to remain sealed:

| Paragraph(s) of the Answer and Interpleader | Portion to Seal |
| --- | --- |
| Paragraphs 1, 14, 19, 24, 47, 55, and 62 of the Answer and Paragraphs 7 and 11 of the Interpleader | The dollar amount in digital assets in Plaintiff D.B.'s Ethereum-based wallet that was stolen by Defendant John Doe |
| Paragraphs 1, 24, and 62 of the Answer | The at least dollar amount of traceable stolen funds deposited into a Coinbase, Inc. retail-user account |
| Paragraph 24 of the Answer and Paragraph 9 of the Interpleader | The wallet address associated with a Coinbase retail-user to whom Zero Shadow traced a portion of the funds stolen from Plaintiff |
| Paragraph 25 of the Answer | Coinbase's internal reference number for the traced Coinbase funds |

| Paragraph 27 of the Answer and Paragraph 11 of the Interpleader | The transaction hash of the transaction depositing traceable stolen funds to the wallet address associated with a Coinbase retail-user |
|---|---|

The Ninth Circuit applies two standards to motions to seal court filings: "compelling reasons" and "good cause." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). Which standard to apply "will turn on whether the motion is more than tangentially related to the merits of a case" or "able to significantly affect the disposition of the issues in the case." *Id.* at 1100-01. Courts must "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1097 (cleaned up). "Such public and private interests take into account whether disclosure of the information will cause a party embarrassment or violate any privacy interests, and whether the case involves issues important to the public." *Strike 3 Holdings, LLC v. Doe*, 791 F. Supp. 3d 1102, 1105 (N.D. Cal. 2025). Fed. R. Civ. P. 5.2(a) lists "financial-account number(s)" as private information to be redacted from "filings made with the court." *See Florence v. Cenlar Fed. Sav. & Loan*, No. 216CV00587, 2017 WL 1078637, at *3 (D. Nev. Mar. 20, 2017) ("To the extent this concern relates to Plaintiff's personal identifiers and financial account numbers, that information must be redacted without Court order").

## I.    Coinbase's Motion to Seal Financial Account Numbers

This Court previously sealed the Complaint filed by Plaintiff, and Coinbase seeks to maintain the confidentiality of the information identified by Plaintiff. This includes the wallet address associated with a Coinbase retail-user to whom Zero Shadow traced a portion of the funds stolen from Plaintiff, Coinbase's internal reference number for the traced Coinbase funds, and the transaction hash of the transaction depositing traceable stolen funds to the wallet address associated with a Coinbase retail user. *See* ECF No. 3-2 ¶ 4. As Plaintiff has explained, these

account identifiers are "financial-account number(s)" that "must be redacted without Court order." *See id.* (citing FRCP 5.2(a)).

Even if these account numbers were not "financial-account number(s)" covered by Fed. R. Civ. P. 5.2(a), they are only "tangentially related to the merits of a case" and do not "significantly affect the disposition of the issues in the case." *See* ECF No. 3 at 3. Thus, the "good cause" standard should apply. Coinbase has "good cause" to redact this information not only to prevent the disclosure of the account holder's personal information, but also to prevent criminals from tracing the funds. In the event Plaintiff recovers the funds from this account, criminals may attempt to trace the funds in order to target Plaintiff and Plaintiff's cryptocurrency wallet again. *See* ECF No. 3-2 ¶ 4.

**II.    Coinbase's Motion to Seal Confidential Information About Plaintiff's Finances**

The dollar amount in digital assets in Plaintiff's Ethereum-based wallet that was stolen by Defendant John Doe and the at least dollar amount of traceable stolen funds deposited into a Coinbase, Inc. retail-user account are confidential information about Plaintiff's finances. *See* ECF no. 3-2 ¶ 5. They are not relevant to "*the merits of a case*" or "able to significantly affect the disposition of *the issues in the case*." *Ctr. for Auto Safety*, 809 F.3d at 1100–01 (emphasis added). Thus, the "good cause" standard should apply. *Id.* Even if the Court were to apply a "compelling reasons" standard, this Court has already concluded that there are "compelling reasons" for redacting the information about the funds stolen from Plaintiff. ECF No. 5; *see also In re Copley Press, Inc*, 518 F.3d 1022, 1025, 1029 (9th Cir. 2008) (holding that the district court "clearly erred" by unsealing a cartel member's plea agreement that included information about certain individuals because there was "a substantial probability that unsealing the information contained therein will endanger these people.").

Plaintiff fears that individuals with significant cryptocurrency holdings are increasingly at risk of attacks from criminals exploiting the transparency of cryptocurrency to identify targets and exploiting the decentralization of cryptocurrency to facilitate the laundering of stolen funds. *See* ECF No. 3 at 3–4 (citing articles regarding attacks on holders of crypto currency). Plaintiff alleges

that he has already been the victim of a targeted cryptocurrency attack. *Id.* And Plaintiff fears that revealing information about Plaintiff's cryptocurrency holdings could draw more attention to Plaintiff from criminals, and make him more likely to suffer another attack. *See* ECF No. 3-2 ¶ 5. This Court has concluded that this is sufficient reason to seal the Complaint. ECF No. 5. The same analysis applies to Coinbase's Answer and Interpleader.

Accordingly, Coinbase respectfully requests that the Court seal the portions of the Answer and Interpleader listed above, which are redacted in the Answer and Interpleader.

Dated: July 20, 2026                                   Respectfully submitted,

By: *Robert E. Dunn*
Robert E. Dunn (State Bar No. 275600)
Eimer Stahl LLP
1999 South Bascom Avenue, Suite 1025
Campbell, CA 95008
Telephone: (408) 889-1690
rdunn@eimerstahl.com

Christopher Markham (appearance *pro hac vice*)
christopher.markham@coinbase.com
COINBASE, INC.
One Madison Avenue, Suite 2400
New York City, NY 10010
Telephone: (888) 908-7930

*Attorneys for Defendants Coinbase Global, Inc. and Coinbase, Inc.*