Robert E. Dunn (State Bar No. 275600)
rdunn@eimerstahl.com
EIMER STAHL LLP
1999 South Bascom Avenue, Suite 1025
Campbell, CA 95008
Telephone: (408) 889-1690

Christopher Markham (appearance *pro hac vice*)
christopher.markham@coinbase.com
COINBASE, INC.
One Madison Avenue, Suite 2400
New York City, NY 10010
Telephone: (888) 908-7930

*Attorneys for Defendants Coinbase Global, Inc.*
*and Coinbase, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| D.B.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JOHN DOE, COINBASE GLOBAL, INC., and COINBASE, INC.,<br><br>　　　　Defendants. | Case No. 3:26-cv-04050-TSH<br><br>**DEFENDANTS COINBASE GLOBAL, INC. AND COINBASE, INC.'S ANSWER WITH CROSS-CLAIM AND COUNTERCLAIM FOR INTERPLEADER UNDER FCRP RULE 22**<br><br>Judge: Hon. Thomas S. Hixson |

## NATURE OF THE ACTION

1.    This action arises from a sophisticated cryptocurrency theft in which an international cybercriminal, Defendant John Doe, stole approximately ████████ in digital assets from Plaintiff's Ethereum-based wallet and laundered a portion of those assets through Tornado Cash and other services before depositing at least ████████ in traceable stolen funds into a Coinbase, Inc. ("Coinbase") retail-user account, where the funds remain frozen.

**Response**: Coinbase lacks information sufficient to respond to this allegation and on that basis denies the allegations in Paragraph 1.

2.    Coinbase has acknowledged that it holds these traced funds and has indicated that a court order adjudicating ownership is required before it will release the frozen assets.

**Response**: Coinbase admits that it told Plaintiff it would not release the frozen assets absent a court order.

3.    Through this lawsuit, Plaintiff seeks (1) compensatory and injunctive relief against Doe under the Computer Fraud and Abuse Act; and (2) conversion, declaratory, and equitable relief against Doe and Coinbase, including a declaration that Plaintiff is the rightful owner of the identified frozen cryptocurrency; an order directing Coinbase to release and return the identified assets to Plaintiff; restitution; and the imposition of a constructive trust, an equitable lien, and claim-and-delivery remedy over the specific stolen property.

**Response**: The allegations in paragraph 3 contain legal conclusions to which no response is required. To the extent a response is required, Coinbase denies the allegations.

## THE PARTIES

4.    Plaintiff D.B. is a citizen and resident of Puerto Rico.

**Response:** Coinbase lacks information sufficient to respond to this allegation and on that basis denies the allegation in Paragraph 4.

5.    Defendant John Doe is an international cybercriminal whose real name is not known. John Doe may be more than one person acting together for criminal purposes.

1

COINBASE'S ANSWER WITH CROSS-CLAIM AND COUNTERCLAIM FOR INTERPLEADER;
CASE NO. 3:26-cv-04050-TSH

**Response:** Coinbase lacks information sufficient to respond to this allegation and on that basis denies the allegation in Paragraph 5.

6. Coinbase is a Delaware corporation formed in 2012 and is a wholly owned subsidiary of Coinbase Global, Inc. Coinbase shares its headquarters or nerve center with Coinbase Global, Inc. in San Francisco, California.

**Response:** Coinbase denies the allegations in Paragraph 6. Coinbase is incorporated in Texas and has offices in multiple cities, including San Francisco, California and New York.

7. Coinbase Global, Inc. reincorporated from Delaware to Texas effective December 15, 2025 and maintains its headquarters or nerve center in San Francisco, California. Through its 10-K filing with the SEC on February 15, 2024, Coinbase's only reported office space in its 10-K filings were in San Francisco, California. In its most recent 10-K filing with the SEC on February 12, 2026, Coinbase's only reported office space are in San Francisco, California and New York, New York.

**Response:** Coinbase admits that it is now incorporated in Texas. To the extent that the allegations refer to Coinbase's 10-K filings, those documents speak for themselves.

8. Coinbase maintains a substantial operational presence in the San Francisco Bay Area; conducts substantial business with California customers; and maintains or controls the Coinbase retail-user account and frozen cryptocurrency that are the subject of this action. Coinbase is therefore subject to personal jurisdiction in this District, and this Court has found it has personal jurisdiction over Coinbase on many occasions. *See, e.g., Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023) (case started as a putative class action in this District); *BiT Glob. Digit. Ltd. v. Coinbase Glob. Inc.*, No. 3:24-cv-09019 (N.D. Cal. filed Dec. 13, 2024).

**Response:** Coinbase admits the allegations in the first sentence of paragraph 8. The remainder of the allegations involve legal conclusions to which no response is required.

## JURISDICTION AND VENUE

9. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 because Count I and Count II arise under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§

1962 and 1964(c), and Count III arises under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

**Response:** The allegations in paragraph 9 contain legal conclusions to which no response is required. To the extent a response is required, Coinbase denies the allegations.

10.   This Court also has supplemental jurisdiction over Plaintiff's related state-law claims under 28 U.S.C. § 1367 because those claims form part of the same case or controversy.

**Response:** The allegations in paragraph 10 contain legal conclusions to which no response is required. To the extent a response is required, Coinbase denies the allegations.

11.   This Court also has diversity jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000; Plaintiff is a citizen of Puerto Rico; Coinbase is a citizen of Delaware; and John Doe is believed to be a citizen or subject of a foreign state.

**Response:** Coinbase lacks information sufficient to respond to the allegation regarding Plaintiff's citizenship and on that basis denies. Coinbase denies that it is a citizen of Delaware. Coinbase lacks information sufficient to respond to the allegation regarding John Doe's citizenship. The remainder of the allegations in paragraph 11 contain legal conclusions to which no response is required. To the extent a response is required, Coinbase denies the allegations.

12.   Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1) and (b)(2) because Coinbase resides in this District for venue purposes and a substantial part of the events and omissions giving rise to the claims occurred in this District, including Coinbase's receipt, freezing, and continued unjustified control of the stolen cryptocurrency that is the subject of this action.

**Response:** The allegations in paragraph 12 contain legal conclusions to which no response is required. To the extent a response is required, Coinbase denies the allegations.

13.   This Court has personal jurisdiction over Coinbase because Coinbase has substantial operations and customers in California. Under California's long-arm statute (Cal. Code Civ. Proc. § 410.10; the due process framework of *Calder v. Jones*, 465 U.S. 783 (1984), and/or Fed. R. Civ. P. 4(k)(2) (the federal long-arm for claims arising under federal law) this Court has personal jurisdiction over Doe, who is an international criminal who knew or should have known

that the impact of his/her criminal activities would be felt in California and impact businesses operating in California and who may not be subject to the jurisdiction of any state's courts.

**Response:** The allegations in paragraph 13 contain legal conclusions to which no response is required. To the extent a response is required, Coinbase denies the allegations.

**FACTS**

14.    On August 20, 2024, D.B. was the victim of a cryptocurrency theft in the amount of at least ███████.

**Response:** Coinbase lacks information sufficient to respond to the allegations in paragraph 14 and on that basis denies.

15.    D.B. was using the non-custodial DeFi management tool "DefiSaver" on Ethereum.

**Response:** Coinbase lacks information sufficient to respond to the allegations in paragraph 15 and on that basis denies.

16.    D.B. held his cryptocurrency assets in the form of the stablecoin DAI. DAI is a decentralized stablecoin pegged to the U.S. dollar. Therefore, DAI stablecoins are personal property with an easily determined market value.

**Response:** Coinbase lacks information sufficient to respond to the allegations in the first sentence of paragraph 16 and on that basis denies. Coinbase admits the allegations in the second sentence of paragraph 16. The allegation in the third sentence is a legal conclusion to which no response is required. To the extent a response is required, Coinbase denies the allegations.

17.    The thief or thieves deceived D.B. into clicking on a link to a fraudulent DefiSaver login page by mimicking the appearance of the legitimate Defi Saver login but using a ".app" domain in place of a ".com" domain.

**Response:** Coinbase lacks information sufficient to respond to the allegations in paragraph 17 and on that basis denies.

18.    When D.B. logged into the fraudulent page, the thief or thieves gained access to D.B.'s real DefiSaver account and linked wallets accessed via his personal laptop computer. The wallet was controlled through D.B.'s hardware wallet on D.B.'s laptop computer. The

assets/positions existed on the Ethereum blockchain and were managed through DeFi Saver smart contracts. The defendant thief or thieves gained access when D.B. was tricked into authorizing a malicious proxy wallet or smart contract permission that transferred effective control of his hardware wallet to the cybercriminal or criminals.

**Response:** Coinbase lacks information sufficient to respond to the allegations in paragraph 18 and on that basis denies.

19.     After obtaining access, the thief or thieves drained approximately ▮▮▮▮▮ in DAI stablecoins from D.B.'s wallet using a complex series of transactions to launder the stolen assets and conceal their source, location, and control.

**Response:** Coinbase lacks information sufficient to respond to the allegations in paragraph 19 and on that basis denies.

20.     The attack was executed using "Inferno Drainer," a sophisticated "scam-as-a-service" platform designed to facilitate the theft of digital assets. Inferno Drainer masquerading as Coinbase has stolen at least $87 million from over 137,000 other victims. https://thehackernews.com/2024/01/inferno-malware-masqueraded-as-coinbase.html (last accessed April 23, 2026).

**Response:** Coinbase lacks information sufficient to respond to the allegations in paragraph 20 and on that basis denies. To the extent that the allegations refer to a news article, that article speaks for itself.

21.     Doe and his co-conspirators operate the Inferno Drainer enterprise as an ongoing criminal syndicate whose regular way of conducting business is the routine theft of digital assets from cryptocurrency holders.

**Response:** Coinbase lacks information sufficient to respond to the allegations in paragraph 21 and on that basis denies.

22.     D.B., in addition to notifying law enforcement, retained Zero Shadow and Five Stones Intelligence to trace the stolen cryptocurrency.

**Response:** Coinbase lacks information sufficient to respond to the allegations in paragraph 22 and on that basis denies.

23.     Zero Shadow and Five Stones found evidence that an individual named, or operating under the alias of, Oleksiy Oleksandrovych Gorelikhin, may have had a significant role in the laundering of the stolen cryptocurrency. On information and belief Oleksiy Oleksandrovych Gorelikhin is a citizen or subject of Ukraine.

**Response:** Coinbase lacks information sufficient to respond to the allegations in paragraph 23 and on that basis denies.

24.     Using state-of-the-art blockchain tracing and analysis techniques, Zero Shadow traced a portion of the stolen funds, including ███████, to a Coinbase retail-user account associated with wallet address ███████████████████████.

**Response:** Coinbase lacks information sufficient to respond to the allegations in paragraph 24 and on that basis denies. Coinbase admits that a retail-user account associated with the wallet address identified in paragraph 24 exists.

25.     Coinbase's internal reference number for the traced Coinbase funds is ███████.

**Response:** Coinbase admits the allegations in paragraph 25.

26.     On November 30, 2024, Zero Shadow notified Coinbase that stolen funds linked to the theft had been deposited into the Coinbase-associated address identified above.

**Response:** Coinbase admits the allegations in paragraph 26.

27.     In that notice, Zero Shadow identified the relevant transaction hash as ████████████████████████ and asked Coinbase to conduct enhanced due diligence and freeze the funds associated with the identified address.

**Response:** Coinbase admits the allegations in paragraph 27.

28.     On December 2, 2024, Coinbase confirmed that the address belongs to a Coinbase retail user, confirmed that the funds received in the identified transaction were still on that user's

COINBASE'S ANSWER WITH CROSS-CLAIM AND COUNTERCLAIM FOR INTERPLEADER;
CASE NO. 3:26-cv-04050-TSH

account, and stated that Coinbase had implemented "friction measures" preventing dissipation of those funds pending investigation.

**Response:** Coinbase admits the allegations in paragraph 28.

29.    On information and belief, the identified funds remain frozen at Coinbase.

**Response:** Coinbase admits the allegations in paragraph 29.

30.    Plaintiff is the rightful owner of the cryptocurrency traceable to the Coinbase account identified above.

**Response:** Coinbase lacks information sufficient to respond to the allegations in paragraph 30 and on that basis denies.

31.    Plaintiff has demanded, directly and through his agents, that the frozen stolen funds be preserved and returned.

**Response:** Coinbase admits the allegations in paragraph 31.

32.    Coinbase has not released the frozen funds to Plaintiff and has indicated that a court order adjudicating ownership is required before Coinbase will release the frozen assets.

**Response:** Coinbase admits the allegations in paragraph 32.

33.    The stolen cryptocurrency held at Coinbase is specific, identifiable property traceable to Plaintiff's stolen assets.

**Response:** Coinbase lacks information sufficient to respond to the allegations in paragraph 33 and on that basis denies.

34.    Unless the Court grants relief, Plaintiff will continue to be deprived of the use, possession, and control of his property.

**Response:** Coinbase lacks information sufficient to respond to the allegations in paragraph 34 and on that basis denies.

<u>**COUNT I**</u>

35.    Plaintiff realleges and incorporates by reference paragraphs 1 through 34.

**Response:** Coinbase incorporates by reference its responses to paragraphs 1 through 34.

36.    Doe is a "person" within the meaning of 18 U.S.C. § 1961(3).

**Response:** The allegations in paragraph 36 involve legal conclusions to which no response is required.

37.     At all relevant times, there existed an association-in-fact "enterprise" within the meaning of 18 U.S.C. § 1961(4), operating under the name "Inferno Drainer."

**Response:** The allegations in paragraph 37 involve legal conclusions to which no response is required. To the extent a response is required, Coinbase lacks information sufficient to respond to the allegations in paragraph 37 and on that basis denies.

38.     The Inferno Drainer enterprise consists of Doe, the developers and administrators of the Inferno Drainer phishing kit, and various unknown co-conspirators.

**Response:** The allegations in paragraph 38 involve legal conclusions to which no response is required. To the extent a response is required, Coinbase lacks information sufficient to respond to the allegations in paragraph 38 and on that basis denies.

39.     Doe is distinct from the Inferno Drainer enterprise.

**Response:** Coinbase lacks information sufficient to respond to the allegations in paragraph 39 and on that basis denies.

40.     The Inferno Drainer enterprise is engaged in, and its activities affect interstate and foreign commerce.

**Response:** The allegations in paragraph 40 involve legal conclusions to which no response is required. To the extent a response is required, Coinbase lacks information sufficient to respond to the allegations in paragraph 40 and on that basis denies.

41.     The enterprise shares a common, illicit purpose: to defraud cryptocurrency holders, drain their digital wallets, and launder the stolen proceeds.

**Response:** The allegations in paragraph 41 involve legal conclusions to which no response is required. To the extent a response is required, Coinbase lacks information sufficient to respond to the allegations in paragraph 40 and on that basis denies.

42.     Doe agreed to and did participate in the conduct of the Inferno Drainer enterprise's affairs through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(c).

COINBASE'S ANSWER WITH CROSS-CLAIM AND COUNTERCLAIM FOR INTERPLEADER;
CASE NO. 3:26-cv-04050-TSH

**Response:** The allegations in paragraph 42 involve legal conclusions to which no response is required. To the extent a response is required, Coinbase lacks information sufficient to respond to the allegations in paragraph 40 and on that basis denies.

43.    In furtherance of the enterprise, Doe and his co-conspirators committed multiple related acts of racketeering activity, or "predicate acts," as defined in 18 U.S.C. § 1961(1).

**Response:** The allegations in paragraph 43 involve legal conclusions to which no response is required. To the extent a response is required, Coinbase lacks information sufficient to respond to the allegations in paragraph 40 and on that basis denies.

44.    These predicate acts include, but are not limited to, wire fraud (18 U.S.C. § 1343), the interstate transportation of stolen property (18 U.S.C. §§ 2314 and 2315), and money laundering (18 U.S.C. § 1956).

**Response:** The allegations in paragraph 44 involve legal conclusions to which no response is required. To the extent a response is required, Coinbase lacks information sufficient to respond to the allegations in paragraph 40 and on that basis denies.

45.    The predicate acts constitute a "pattern of racketeering activity" pursuant to 18 U.S.C. § 1961(5).

**Response:** The allegations in paragraph 45 involve legal conclusions to which no response is required. To the extent a response is required, Coinbase lacks information sufficient to respond to the allegations in paragraph 45 and on that basis denies.

46.    The pattern possesses open-ended continuity because the Inferno Drainer enterprise operates as a "scam-as-a-service" syndicate. Committing these predicate acts is the enterprise's regular way of conducting its business.

**Response:** The allegations in paragraph 46 involve legal conclusions to which no response is required. To the extent a response is required, Coinbase lacks information sufficient to respond to the allegations in paragraph 46 and on that basis denies.

47.     As a direct and proximate result of Defendant Doe's racketeering activities and violations of 18 U.S.C. § 1962(c), Plaintiff suffered an injury to his business or property when he was unlawfully deprived of approximately ███████ DAI stablecoins.

**Response:** The allegations in paragraph 47 involve legal conclusions to which no response is required. To the extent a response is required, Coinbase lacks information sufficient to respond to the allegations in paragraph 47 and on that basis denies.

## COUNT II

48.     Plaintiff realleges and incorporates by reference paragraphs 1 through 47.

**Response:** Coinbase incorporates by reference its responses to paragraphs 1 through 47.

49.     As set forth above, Doe and his co-conspirators created and operated the Inferno Drainer enterprise.

**Response:** Coinbase lacks sufficient information to respond to the allegations in paragraph 49 and on that basis denies.

50.     Doe knowingly agreed and conspired with the developers, administrators, and other unknown co-conspirators of the Inferno Drainer enterprise to conduct and participate in the conduct of the enterprise's affairs through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(c).

**Response:** The allegations in paragraph 50 involve legal conclusions to which no response is required. To the extent a response is required, Coinbase lacks information sufficient to respond to the allegations in paragraph 50 and on that basis denies.

51.     There was a meeting of the minds between Doe and his co-conspirators to pursue the enterprise's objective: to defraud cryptocurrency holders, drain their digital wallets, and launder the stolen proceeds.

**Response:** The allegations in paragraph 51 involve legal conclusions to which no response is required. To the extent a response is required, Coinbase lacks information sufficient to respond to the allegations in paragraph 51 and on that basis denies.

52.     To effectuate this conspiracy, Doe knowingly agreed that he or his co-conspirators would commit predicate acts of racketeering activity, including wire fraud (18 U.S.C. § 1343), the interstate transportation of stolen property (18 U.S.C. §§ 2314 and 2315), and money laundering (18 U.S.C. § 1956).

**Response:** The allegations in paragraph 52 involve legal conclusions to which no response is required. To the extent a response is required, Coinbase lacks information sufficient to respond to the allegations in paragraph 52 and on that basis denies.

53.     Doe knew that these predicate acts were part of a pattern of racketeering activity and agreed to facilitate the activities of those operating or managing the enterprise.

**Response:** The allegations in paragraph 53 involve legal conclusions to which no response is required. To the extent a response is required, Coinbase lacks information sufficient to respond to the allegations in paragraph 53 and on that basis denies.

54.     In furtherance of the conspiracy, Defendant Doe and his co-conspirators committed overt acts that were independently wrongful under RICO, including the specific acts that resulted in the theft of Plaintiff's funds.

**Response:** The allegations in paragraph 54 involve legal conclusions to which no response is required. To the extent a response is required, Coinbase lacks information sufficient to respond to the allegations in paragraph 54 and on that basis denies.

55.     As a direct and proximate result of Doe's conspiracy, the overt acts taken in furtherance of that conspiracy, and his violations of 18 U.S.C. § 1962(d), Plaintiff suffered an injury to his business or property when he was unlawfully deprived of approximately ███████ DAI stablecoins.

**Response:** The allegations in paragraph 55 involve legal conclusions to which no response is required. To the extent a response is required, Coinbase lacks information sufficient to respond to the allegations in paragraph 55 and on that basis denies.

### <u>COUNT III</u>

56.     Plaintiff realleges and incorporates by reference paragraphs 1 through 55

11

**Response:** Coinbase incorporates by reference its responses to paragraphs 1 through 55.

57.     Doe intentionally accessed Plaintiff's protected computers, hardware wallets, and related accounts without authorization, or exceeded authorized access, and thereby obtained information, property, and value.

**Response:** The allegations in paragraph 57 involve legal conclusions to which no response is required. To the extent a response is required, Coinbase lacks information sufficient to respond to the allegations in paragraph 57 and on that basis denies.

58.     Doe acted knowingly and with intent to defraud.

**Response:** The allegations in paragraph 58 involve legal conclusions to which no response is required. To the extent a response is required, Coinbase lacks information sufficient to respond to the allegations in paragraph 58 and on that basis denies.

59.     Doe's conduct caused loss and damage well in excess of $5,000 during a one-year period. This loss and damage includes the stolen cryptocurrency, the cost of the forensic investigation by Zero Shadow and Five Stones, and the costs and fees associated with this lawsuit.

**Response:** The allegations in paragraph 59 involve legal conclusions to which no response is required. To the extent a response is required, Coinbase lacks information sufficient to respond to the allegations in paragraph 59 and on that basis denies.

60.     Pursuant to 18 U.S.C. § 1030(g), Plaintiff is entitled to compensatory and injunctive relief against Doe.

**Response:** The allegations in paragraph 60 involve legal conclusions to which no response is required. To the extent a response is required, Coinbase lacks information sufficient to respond to the allegations in paragraph 60 and on that basis denies.

## **COUNT IV**

61.     Plaintiff realleges and incorporates by reference paragraphs 1 through 60.

**Response:** Coinbase incorporates by reference its responses to paragraphs 1 through 60.

62.     Plaintiff owned, and had the immediate right to possess, the cryptocurrency stolen from his wallet, including the ▮▮▮▮▮▮ in assets traced to Coinbase.

12

**Response:** The allegations in paragraph 62 involve legal conclusions to which no response is required. To the extent a response is required, Coinbase lacks information sufficient to respond to the allegations in paragraph 62 and on that basis denies.

63.    Doe wrongfully took and exercised dominion over Plaintiff's cryptocurrency.

**Response:** The allegations in paragraph 63 involve legal conclusions to which no response is required. To the extent a response is required, Coinbase lacks information sufficient to respond to the allegations in paragraph 63 and on that basis denies.

64.    After notice of Plaintiff's ownership claim and the traced theft, Coinbase has continued to exercise dominion and control over the specific frozen assets and has withheld possession from Plaintiff absent a court order. While Coinbase acted reasonably in freezing the stolen cryptocurrency, its refusal to return the frozen funds to Plaintiff became unreasonable when Plaintiff provided sworn proof that he is the rightful owner and Coinbase refused to act.

**Response:** Coinbase admits that it acted reasonably and told Plaintiff it would not release the frozen assets absent a court order. The other allegations in paragraph 64 involve legal conclusions to which no response is required. To the extent a response is required, Coinbase denies the allegations.

65.    By reason of the foregoing, Defendants have wrongfully interfered with Plaintiff's property rights.

**Response:** The allegations in paragraph 65 involve legal conclusions to which no response is required. To the extent a response is required, Coinbase denies the allegations.

66.    As a direct and proximate result, Plaintiff has been damaged in an amount to be proven at trial, including at minimum the value of the specifically identified frozen assets, plus interest according to proof.

**Response:** The allegations in paragraph 63 involve legal conclusions to which no response is required. To the extent a response is required, Coinbase denies the allegations.

## COUNT V

67.    Plaintiff realleges and incorporates by reference paragraphs 1 through 66.

**Response:** Coinbase incorporates by reference its responses to paragraphs 1 through 66.

68.    An actual, present controversy exists between Plaintiff and Coinbase concerning ownership of the frozen cryptocurrency and Plaintiff's right to immediate possession of that property.

**Response:** Coinbase denies that Plaintiff has a right to immediate possession of the frozen cryptocurrency absent a court order. Further, the allegations in paragraph 68 involve legal conclusions to which no response is required. To the extent a response is required, Coinbase denies the allegations.

69.    Plaintiff contends that he is the rightful owner of the identified frozen cryptocurrency traceable to the theft and that he is entitled to immediate possession of that property.

**Response:** The allegations in paragraph 69 involve legal conclusions to which no response is required. To the extent a response is required, Coinbase lacks information sufficient to respond to the allegations in paragraph 69 and on that basis denies.

70.    Coinbase has indicated that it requires a court order adjudicating ownership before releasing the frozen assets.

**Response:** Coinbase admits that it told Plaintiff it required a court order before releasing the frozen assets.

71.    Plaintiff therefore seeks a declaration that: (a) Plaintiff is the rightful owner of the identified frozen cryptocurrency traceable to the theft; (b) Plaintiff is entitled to immediate possession of that property; and (c) Coinbase shall release and transfer the identified assets (even if they have been converted to a different form of cryptocurrency) to Plaintiff or to a wallet designated by Plaintiff.

**Response:** The allegations in paragraph 71 involve legal conclusions to which no response is required. To the extent a response is required, Coinbase lacks information sufficient to respond to the allegations in paragraph 63 and on that basis denies.

COINBASE'S ANSWER WITH CROSS-CLAIM AND COUNTERCLAIM FOR INTERPLEADER;
CASE NO. 3:26-cv-04050-TSH

## COUNT VI

72. Plaintiff realleges and incorporates by reference paragraphs 1 through 71.

**Response:** Coinbase incorporates by reference its responses to paragraphs 1 through 71.

73. Defendants have received, retained, or controlled benefits derived from Plaintiff's stolen cryptocurrency. Defendant Coinbase went from being a mere custodian of disputed funds to being personally enriched when it refused to return the disputed funds to Plaintiff after he showed he was the rightful owner.

**Response:** The allegations in paragraph 73 involve legal conclusions to which no response is required. To the extent a response is required, Coinbase denies the allegations.

74. It would be unjust for Defendants to retain those benefits at Plaintiff's expense.

**Response:** The allegations in paragraph 74 involve legal conclusions to which no response is required. To the extent a response is required, Coinbase denies the allegations.

75. Plaintiff is entitled to restitution, including restitution in kind of the specific frozen assets, or, if those assets are moved, a money judgment equal to the value of the assets wrongfully retained or controlled.

**Response:** The allegations in paragraph 75 involve legal conclusions to which no response is required. To the extent a response is required, Coinbase denies the allegations.

## COUNT VII

76. Plaintiff realleges and incorporates by reference paragraphs 1 through 75.

**Response:** Coinbase incorporates by reference its responses to paragraphs 1 through 75.

77. The identified frozen cryptocurrency held at Coinbase is specific, traceable property derived from Plaintiff's stolen assets.

**Response:** The allegations in paragraph 77 involve legal conclusions to which no response is required. To the extent a response is required, Coinbase denies the allegations.

78. Defendants hold or control that property under circumstances making it inequitable for them to retain any legal or beneficial interest in it as against Plaintiff.

COINBASE'S ANSWER WITH CROSS-CLAIM AND COUNTERCLAIM FOR INTERPLEADER;
CASE NO. 3:26-cv-04050-TSH

**Response:** The allegations in paragraph 78 involve legal conclusions to which no response is required. To the extent a response is required, Coinbase denies the allegations.

79.     Plaintiff therefore seeks imposition of a constructive trust over the identified frozen cryptocurrency, with Plaintiff as the beneficial owner.

**Response:** The allegations in paragraph 79 involve legal conclusions to which no response is required. To the extent a response is required, Coinbase denies the allegations.

<strong><u>COUNT VIII</u></strong>

80.     Plaintiff realleges and incorporates by reference paragraphs 1 through 79.

**Response:** Coinbase incorporates by reference its responses to paragraphs 1 through 79.

81.     Plaintiff has an equitable ownership interest in the identified frozen cryptocurrency and its traceable proceeds.

**Response:** The allegations in paragraph 81 involve legal conclusions to which no response is required. To the extent a response is required, Coinbase lacks information sufficient to respond to the allegations in paragraph 81 and on that basis denies.

82.     Equity requires the imposition of an equitable lien on the identified frozen assets and any traceable proceeds to secure Plaintiff's right to recovery and prevent dissipation or wrongful transfer.

**Response:** The allegations in paragraph 82 involve legal conclusions to which no response is required. To the extent a response is required, Coinbase denies the allegations.

<strong><u>CLAIM AND DELIVERY RELIEF</u></strong>

83.     Plaintiff seeks immediate possession of the specific frozen cryptocurrency identified above pursuant to Cal. Code Civ. Pro. §§ 511.010 *et seq*.

**Response:** Coinbase admits that it possesses certain property identified by Plaintiff. The remaining allegations in paragraph 83 involve legal conclusions to which no response is required. To the extent a response is required, Coinbase denies the allegations.

84. The identified property is specific, identifiable, and presently in the possession or control of Coinbase.

**Response:** Coinbase admits that it possesses certain property identified by Plaintiff.

85. The property is not held under a valid lien or security interest and Plaintiff is entitled to possession of the property.

**Response:** The allegations in paragraph 85 involve legal conclusions to which no response is required. To the extent a response is required, Coinbase denies the allegations.

86. Plaintiff seeks issuance of a writ of possession and claim-and-delivery relief, in connection with his property claims, directing Coinbase to deliver the identified frozen cryptocurrency to Plaintiff or as otherwise directed by the Court.

**Response:** The allegations in paragraph 86 involve legal conclusions to which no response is required.

## **PRAYER FOR RELIEF**

Coinbase denies that Plaintiff is entitled to any relief against Coinbase.

## **AFFIRMATIVE DEFENSES**

Coinbase denies that Plaintiff is entitled to any relief against Coinbase. Based on Coinbase's understanding that Plaintiff supports a resolution as to Coinbase in which Coinbase files an interpleader action and deposits the disputed funds with the Court until final resolution between Plaintiff and John Doe, Coinbase reserves but does not herein assert any affirmative defenses.

COINBASE'S ANSWER WITH CROSS-CLAIM AND COUNTERCLAIM FOR INTERPLEADER;
CASE NO. 3:26-cv-04050-TSH

## COINBASE'S CROSSCLAIM AND COUNTERCLAIM FOR INTERPLEADER

Cross-Plaintiffs and Counter-plaintiffs Coinbase Global, Inc. and Coinbase, Inc. (together, "Coinbase"), for its crossclaim and counterclaim for Interpleader under Rule 22 of the Federal Rules of Civil Procedure, states and alleges as follows:

### PARTIES

1. Coinbase Global, Inc. and Coinbase, Inc. are Texas corporations with offices and substantial operations in this district.

2. On information and belief, Plaintiff and Counter-Defendant D.B. is a resident of Puerto Rico.

3. On information and belief, Defendant and Cross-Defendant John Doe is a resident of Utah with the initials N.E (hereinafter "John Doe" or "N.E.").

### FACTS

4. Coinbase, Inc. operates a cryptocurrency exchange where users can establish retail accounts to buy, sell, trade, and hold various cryptocurrencies.

5. On information and belief, D.B. used the non-custodial DeFi management tool "DefiSaver" on Ethereum.

6. On information and belief, D.B. held his cryptocurrency assets in the form of the stablecoin DAI, which is pegged to the U.S. dollar.

7. D.B. claims that thieves were able to gain unauthorized access to his real DefiSaver account and that they drained approximately ████ in DAI stablecoins from D.B.'s wallet using a complex series of transactions to launder the stolen assets and conceal their source, location, and control.

8. D.B. claims that in addition to notifying law enforcement, he retained Zero Shadow and Five Stones Intelligence to trace the stolen cryptocurrency.

9. D.B. claims that Zero Shadow traced a portion of the stolen funds, including ████ (the "Disputed Funds"), to a Coinbase retail-user account associated with wallet address ██████.

18

10. On November 30, 2024, Zero Shadow notified Coinbase that stolen funds linked to the theft had been deposited into the Coinbase-associated address identified above.

11. In that notice, Zero Shadow identified the relevant transaction hash as ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and asked Coinbase to conduct enhanced due diligence and freeze the funds associated with the identified address.

12. On December 2, 2024, Coinbase confirmed that the address belongs to a Coinbase retail user, confirmed that the funds received in the identified transaction were still on that user's account, and stated that Coinbase had implemented "friction measures" preventing dissipation of those funds pending investigation.

13. Coinbase continues to freeze that account.

14. D.B. claims that he is the rightful owner of the cryptocurrency traceable to the Coinbase account identified above.

15. On May 4, 2026, D.B. filed a complaint in this Court against John Doe, Coinbase Global, Inc. and Coinbase, Inc.

16. On June 24, 2026, D.B. served limited discovery on Coinbase to determine the name of the account holder.

17. Coinbase has identified the account holder affiliated with the account holding the Disputed Funds as N.E.

### INTERPLEADER PROPER TO DISPUTED CLAIMS

18. With respect to the Disputed Funds, Coinbase is a disinterested stakeholder.

19. Coinbase does not know which of said Defendants—D.B. or N.E. is entitled to the Disputed Funds.

20. Coinbase has a genuine fear of liability or vexatious, conflicting claims directed against the Disputed Funds and is not in the position to safely determine which party's claim to the Disputed Funds is meritorious without great hazard and possible multiple liability.

21.     Under the provisions of Federal Rules of Civil Procedure, Rule 22, Coinbase is entitled to join all persons asserting claims against the Disputed Funds in a single proceeding so that Coinbase may avoid duplicative litigation and the possibility of multiple or inconsistent liability on the conflicting and adverse claims of Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Coinbase prays for the following judgment:

22.     That Coinbase be allowed to continue to freeze the Disputed Funds until otherwise directed by the Court;

23.     That D.B. and N.E. be required to interplead in this proceeding and that Defendants settle between themselves any and all claims which each or any of them may have to the Disputed Funds;

24.     That Coinbase be discharged from all liability relating to such benefits except to the party or parties whom the Court shall judge entitled to the Disputed Funds and then only to the extent of the Disputed Funds frozen by Coinbase;

25.     That Cross-Defendant and Counter-Defendant be permanently restrained from commencing any action for the recovery of the Disputed Funds or any part thereof, or any claimed damages related thereto, as against Coinbase;

26.     That Cross-Defendant and Counter-Defendant be permanently restrained from instituting or prosecuting any proceeding in any state or United States court affecting the Disputed Funds until further order of this Court;

27.     That Coinbase be dismissed from this lawsuit and discharged from any and all liability regarding the Disputed Funds;

28.     That Coinbase recover out of the Disputed Funds its costs and attorneys' fees incurred in this action and all actions connected to the Disputed Funds; and

29.     That the Court award such other relief as the Court may deem just and equitable.

COINBASE'S ANSWER WITH CROSS-CLAIM AND COUNTERCLAIM FOR INTERPLEADER;
CASE NO. 3:26-cv-04050-TSH

Dated: July 20, 2026                              Respectfully submitted,

                                                  By: /s/ *Robert E. Dunn*
                                                  Robert E. Dunn (State Bar No. 275600)
                                                  Eimer Stahl LLP
                                                  1999 South Bascom Avenue, Suite 1025
                                                  Campbell, CA 95008
                                                  Telephone: (408) 889-1690
                                                  rdunn@eimerstahl.com

                                                  Christopher Markham (appearance *pro hac vice*)
                                                  christopher.markham@coinbase.com
                                                  COINBASE, INC.
                                                  One Madison Avenue, Suite 2400
                                                  New York City, NY 10010
                                                  Telephone: (888) 908-7930

                                                  *Attorneys for Defendants Coinbase Global, Inc.*
                                                  *and Coinbase, Inc.*

COINBASE'S ANSWER WITH CROSS-CLAIM AND COUNTERCLAIM FOR INTERPLEADER;
CASE NO. 3:26-cv-04050-TSH

**CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2026, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all registered counsel of record.


Dated: July 20, 2026                                       */s/ Robert E. Dunn*
                                                            Robert E. Dunn