Robert E. Dunn (State Bar No. 275600)
rdunn@eimerstahl.com
EIMER STAHL LLP
1999 South Bascom Avenue, Suite 1025
Campbell, CA 95008
Telephone: (408) 889-1690

Christopher Markham (appearance *pro hac vice*)
christopher.markham@coinbase.com
COINBASE, INC.
One Madison Avenue, Suite 2400
New York, NY 10010
Telephone: (888) 908-7930

*Attorneys for Defendants and Cross-Claimants Coinbase Global, Inc. and Coinbase, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| D.B.,<br><br>Plaintiff and Counter-Defendant,<br>v.<br><br>JOHN DOE, COINBASE GLOBAL, INC., and COINBASE, INC.,<br><br>Defendants,<br><br><br>COINBASE GLOBAL, INC., and COINBASE, INC.,<br><br>Cross-Claimants and Counter-Claimants,<br>v.<br><br>JOHN DOE,<br><br>Cross-Defendant. | Case No. 3:26-cv-04050-TSH<br><br>**DEFENDANTS AND CROSS-CLAIMANTS COINBASE GLOBAL, INC. AND COINBASE, INC.'S ADMINISTRATIVE MOTION FOR LEAVE TO EFFECT ALTERNATIVE SERVICE ON CROSS-DEFENDANT BY ELECTRONIC MAIL**<br><br>**Pursuant to Civil L.R. 7-11**<br><br><br>Judge: Hon. Thomas S. Hixson |

Pursuant to Civil Local Rule 7-11, Cross-Claimants and Counter-Claimants Coinbase Global, Inc. and Coinbase, Inc. (collectively, "Coinbase") submit this motion for leave to effect alternative service on Cross-Defendant N.E.[1] via electronic mail to the email address affiliated with his Coinbase account.

## BACKGROUND

Coinbase operates a cryptocurrency exchange where users can establish retail accounts to buy, sell, trade, and hold various cryptocurrencies. One such account contains cryptocurrency assets whose ownership is disputed between N.E. and Counter-Defendant D.B. D.B.'s complaint alleges that he held cryptocurrency assets and that thieves were able to gain unauthorized access to his account, from which they drained D.B.'s cryptowallet using a complex series of transactions to launder the stolen assets. Compl., ECF No. 1, ¶¶ 3, 15, 18–19.

In addition to notifying law enforcement, D.B. retained Zero Shadow and Five Stones Intelligence to trace the stolen cryptocurrency. *Id.* ¶ 22. D.B. alleges that Zero Shadow traced a portion of the stolen funds to a Coinbase retail-user account. *Id.* ¶ 24. Zero Shadow asked Coinbase to conduct enhanced due diligence and freeze the funds associated with that wallet address. *Id.* ¶ 27. On December 2, 2024, Coinbase confirmed that the address belongs to a Coinbase retail user, confirmed that the funds received in the identified transaction were still in that user's account, and stated that Coinbase had implemented "friction measures" preventing dissipation of those funds pending investigation. *Id.* ¶ 28. Coinbase continues to freeze that account, *see id.* at ¶ 29, and has identified the accountholder as an individual with the initials "N.E."

Coinbase is a disinterested stakeholder and does not know whether D.B. or N.E. is entitled to the disputed funds. On July 20, 2026, Coinbase filed its Answer with Cross-Claim and Counterclaim for Interpleader, asking that D.B. and N.E. be required to interplead in this

[1] D.B.'s complaint identifies N.E. as "John Doe." *See* ECF No. 1, ¶ 5. Coinbase identified the accountholder in question, and this Court granted Coinbase's motion to proceed against John Doe under the pseudonym "N.E." ECF No. 27.

proceeding and that they settle between themselves any and all claims which each or any of them may have to the disputed funds. ECF No. 19, ¶¶ 18–21.

When N.E. registered for his Coinbase account, he provided a copy of his driver's license showing a physical address in Salt Lake City. Declaration of Charl Marais ("Marais Decl.") ¶ 5. N.E. has never updated that address. *Id.* ¶ 6. On the morning of August 14, 2026, Coinbase first attempted to effect personal service on N.E. at that Salt Lake City address. Declaration of Robert E. Dunn ("Dunn Decl.") Ex. A. The process server rang the doorbell twice and knocked on the door, but there was no answer. *Id.* The process server tried again on August 16, 2026. *Id.* That time, a woman claiming to be N.E.'s mother answered the door. *Id.* She told the process server that N.E. moved out about a year and a half ago, and that she does not know where her son lives. *Id.* She speculated that he might not be living in Utah. *Id.*

## LEGAL STANDARD

Rule 4(e) of the Federal Rules of Civil Procedure allows an individual to be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

California law allows for five basic methods of service: "(1) personal delivery to the party; (2) delivery to someone else at the party's usual residence or place of business with mailing after . . .; (3) service by mail with acknowledgment of receipt; (4) service on persons outside the state by certified or registered mail that requires a return receipt; and (5) service by publication." *Emotiv, Inc. v. New Audio, LLC*, No. 26-cv-05603-LB, 2026 WL 2212871, at *2 (N.D. Cal. July 31, 2026) (internal citations omitted).

California law also provides for service by email: "[I]f a plaintiff, despite exercising reasonable diligence, has been unable to effect service of the summons by any of the methods authorized under this chapter, the court in which the action is pending may, upon motion, direct that summons be served in a manner that is reasonably calculated to give actual notice to the party to be served, including by electronic mail or other electronic technology, and that proof of such service be made as prescribed by the court." Cal. Civ. Proc. Code § 413.30(a)(1); *see Emotiv*, 2026

WL 2212871, at *2 ("Courts in this district have authorized service by email under California Civil Procedure Code § 413.30.") (collecting cases). A plaintiff seeking to serve a defendant by email "must demonstrate an association between the email address . . . and the defendant to be served so that the court may conclude that such service would be reasonably calculated to give actual notice." *Global Brother SRL v. Kaur*, No. 25-cv-01283-VKD, 2025 WL 3018243, at *1 (N.D. Cal. Oct. 28, 2025) (internal quotation marks omitted). California law also requires: "A plaintiff seeking to establish reasonable diligence under this section shall set forth facts detailing all attempts to serve the defendant by each of the methods prescribed by statute, including facts demonstrating why each method was unsuccessful at every address or location where the defendant is likely to be found." Cal. Civ. Proc. Code § 413.30(a)(2).

Where a defendant has an active account on a platform associated with an email address that does not bounce back emails, this Court has held that service to that email address "is reasonably calculated to give [Defendant] actual notice of [Plaintiff's] claim." *Panini Am., Inc. v. Kollectorsvault, LLC*, No. 19-cv-03800-LB, 2019 WL 6311414, at *3 (N.D. Cal. Nov. 25, 2019) (authorizing alternative service under Section 413.30 to the email address associated with Defendant's active eBay account).

**ARGUMENT**

Coinbase has exhausted its efforts to serve N.E. through traditional modes of service. *See* Cal. Civ. Proc. Code § 413.30(a)(2). When he registered for his Coinbase account, N.E. provided the physical address in Salt Lake City at which a process server tried twice to serve N.E. A woman answering the door at that address purporting to be N.E.'s mother informed the process server that he no longer lives there and may live out of state. Coinbase has not been able to locate another physical address associated with N.E. through public records searches. Marais Decl. ¶ 6; *see* Dunn Decl. Ex. B (listing the Salt Lake City address as the most recent address). Accordingly, personal service, service by delivery to N.E.'s residence or place of business, and service by mail are impracticable. *See Emotiv*, 2026 WL 2212871, at *2. The other basic method of service under California law—service by publication—is less likely to provide N.E. with actual notice of this

proceeding than service by email, particularly because Coinbase cannot ascertain what state N.E. lives in. *See Cnty. of Riverside v. Super. Ct.*, 54 Cal. App. 4th 443, 450 (1997) ("In the usual case, service by publication is done as a method of last resort when the defendant cannot be found even after the exercise of reasonable diligence. We think it safe to say that there is really little expectation that a defendant so served will in fact acquire actual notice from the publication.").

Conversely, service via the email address associated with N.E.'s cryptocurrency account is reasonably calculated to give N.E. actual notice of Coinbase's cross-claim. *See, e.g.*, *Dyer v. Ezeh*, No. 23-cv-01226-JCS, 2025 WL 3146413, at *1, *3 (N.D. Cal. Nov. 11, 2025) (granting motion to serve defendant by alternative means through email address associated with the defendant's cryptocurrency account). When N.E. registered for the Coinbase account associated with the cryptocurrency at issue in December 2017, he registered with the email address currently associated with his account. Marais Decl. ¶ 7. Since then, N.E. has never changed the email address associated with that account. *Id.* Coinbase sends regular email correspondence to its users at the email addresses associated with their accounts. *Id.* ¶ 8. Coinbase has sent over 300 emails to the email address associated with N.E.'s account, none of which has ever bounced back. *Id.* Coinbase tracks when certain of these emails are opened or a link in the email is clicked. *Id.* ¶ 9. Emails that Coinbase sent to N.E.'s email address were opened and/or clicked over 50 times in the last three years, including to complete a reset of his Coinbase account password and for two-factor authentication. *Id.*

Where an email address is associated with a defendant's account and has no history of bouncebacks, California federal courts authorize alternative service to that email address. *E.g.*, *Meta Platforms, Inc. v. Arowokoko*, No. 22-cv-00803-DMR, 2022 WL 4099215, at *2 (N.D. Cal. Sept. 7, 2022) (authorizing Meta to effect service via email to "the same email addresses that Defendants used in connection with their Facebook accounts" where the email addresses were "valid and active because they did not bounce back, nor were they returned as undeliverable"); *Patagonia, Inc. v. Krantz*, No. CV 22-2287 FMO (MAAx), 2022 WL 17224651, at *2–3 (C.D. Cal. Aug. 10, 2022) (authorizing alternative service under Section 413.30 to an email address

associated with Defendant's PayPal account); *Nexon Am. Inc. v. GK*, No. 5:21-cv-00886-FWS-KK, 2022 WL 18284407, at *4 n.3 (C.D. Cal. Aug. 2, 2022) (same); *see D.Light Design, Inc. v. Boxin Solar Co.*, No. C-13-5988 EMC, 2015 WL 526835, at *2–3 (N.D. Cal. Feb. 6, 2015) (finding that "service by email is reasonably calculated to provide actual notice of this action" where, in part, "no 'bounceback' was received suggesting that the email was not delivered") *cf. LawRank LLC v. LawRankSEO.com*, No. 21-cv-04515-HSG, 2021 WL 4461592, at *2 (N.D. Cal. Sept. 29, 2021) (denying alternative service via email where there is no "evidence in the record that Defendant has conducted business through or otherwise used these email addresses").

Here, the presumption is particularly strong that N.E. uses the email address associated with his Coinbase account. His Coinbase account contains substantial assets, *see* ECF No. 1, ¶ 24, and N.E. can therefore be presumed to monitor the email inbox affiliated with that account. *See Astral IP Enter. Ltd. v. HorizonMatrix*, No. 5:24-CV-07428-EJD, 2025 WL 2930974, at *2 (N.D. Cal. Oct. 15, 2025) (finding that email is "the most likely method under the circumstances to notify Defendant of the pendency of this action" where Defendant "likely relies on electronic communications for conducting business, making e-mail a reliable means for reaching Defendant").

**CONCLUSION**

For the foregoing reasons, Coinbase respectfully requests that the Court grant Coinbase's motion to effect alternative service on Cross-Defendant N.E. through the email address associated with his Coinbase account.

Dated: August 26, 2026

Respectfully submitted,

By: <u>/s/ *Robert E. Dunn*</u>
Robert E. Dunn (State Bar No. 275600)
Eimer Stahl LLP
1999 South Bascom Avenue, Suite 1025
Campbell, CA 95008
Telephone: (408) 889-1690
rdunn@eimerstahl.com

Christopher Markham (appearance *pro hac vice*)
christopher.markham@coinbase.com

COINBASE, INC.
One Madison Avenue, Suite 2400
New York, NY 10010
Telephone: (888) 908-7930

*Attorneys for Defendants and Cross-Claimants Coinbase Global, Inc. and Coinbase, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2026, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all registered counsel of record.

Dated: August 26, 2026

*/s/ Robert E. Dunn*
Robert E. Dunn