United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

D. B.,

Plaintiff,

v.

COINBASE GLOBAL, INC., et al.,

Defendants.

Case No. 26-cv-04050-TSH

**ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE**

Re: Dkt. No. 31

## I. INTRODUCTION

Cross-Claimants and Counter-Claimants Coinbase Global, Inc. and Coinbase, Inc. (collectively, "Coinbase") move for leave to effect alternative service on Cross-Defendant N.E.[1] via electronic mail to the email address affiliated with his Coinbase account. ECF No. 31. For the reasons stated below, the Court **GRANTS** the motion.

## II. BACKGROUND

### A. Plaintiff's Allegations

Plaintiff D.B. is a citizen and resident of Puerto Rico that alleges N.E. participated in an international cryptocurrency-theft scheme and transferred the funds to a Coinbase account. Compl. ¶¶ 4-5, 24, ECF No. 1. According to the complaint, on August 20, 2024, Plaintiff held DAI stablecoins in an Ethereum-based wallet that he managed using the non-custodial DeFi-management tool DeFiSaver. *Id.* ¶¶ 14–16. Plaintiff alleges the thief or thieves directed him to a fraudulent webpage designed to mimic DeFiSaver's legitimate login page. *Id.* ¶ 17. After

[1] Plaintiff D.B.'s complaint identifies N.E. as "John Doe." *See* ECF No. 1, ¶ 5. Coinbase identified the accountholder in question, and the Court granted Coinbase's motion to proceed against John Doe under the pseudonym "N.E." Answer ¶ 17, ECF No. 19; Order, ECF No. 27.

Plaintiff logged into that page, the thief or thieves allegedly obtained access to Plaintiff's DeFiSaver account and linked wallets by inducing Plaintiff to authorize a malicious proxy wallet or smart-contract permission. *Id.* ¶ 18. Plaintiff alleges the attackers then drained DAI stablecoins from his wallet and moved the assets through a series of transactions intended to conceal their source, location, and control. *Id.* ¶ 19. Plaintiff further alleges the attack was carried out using "Inferno Drainer," which he characterizes as a "scam-as-a-service" platform used to facilitate the theft of digital assets. *Id.* ¶¶ 20–21.

After notifying law enforcement, Plaintiff retained Zero Shadow and Five Stones Intelligence to trace the stolen cryptocurrency. *Id.* ¶¶ 22–23. Those investigators traced a portion of the stolen funds to a Coinbase retail-user account. *Id.* ¶ 24. On November 30, 2024, Zero Shadow notified Coinbase that funds linked to the theft had been deposited into the identified Coinbase-associated address and requested that Coinbase freeze the funds. *Id.* ¶¶ 26–27. Plaintiff alleges that on December 2, 2024, Coinbase confirmed that the address belonged to a Coinbase retail user, that the traced funds remained in that user's account, and that Coinbase had implemented "friction measures" to prevent their dissipation pending investigation. *Id.* ¶ 28. Plaintiff alleges those funds remain frozen at Coinbase. *Id.* ¶ 29.

Plaintiff contends he is the rightful owner of the cryptocurrency traceable to the Coinbase account, and he demands that Coinbase preserve and return the funds. *Id.* ¶¶ 30-31. Coinbase has not released the funds and has indicated it requires a court order adjudicating ownership before doing so. *Id.* ¶ 32.

Plaintiff filed this action on May 4, 2026, asserting claims against N.E. under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962(c) and (d), and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030. Compl. ¶¶ 35–60. Plaintiff also asserts a conversion claim against N.E. and Coinbase; seeks declaratory relief concerning ownership and possession of the frozen cryptocurrency; and asserts claims for unjust enrichment or restitution, a constructive trust, and an equitable lien. *Id.* ¶¶ 61–82. He further seeks claim-and-delivery relief under California Code of Civil Procedure section 511.010. *Id.* ¶¶ 83–86. Plaintiff asks the Court to declare him the rightful owner of the traced cryptocurrency, direct Coinbase to release the

identified assets to him, and impose appropriate possessory and equitable remedies. *Id*. ¶¶ 67–86; Prayer for Relief ¶¶ I–N.

**B. Coinbase's Answer with Crossclaim and Counterclaim**

Coinbase filed an Answer with a crossclaim and counterclaim for interpleader on July 20, 2026. Answer, ECF No. 19. Coinbase states that, after this action was filed, Plaintiff served limited discovery on June 24, 2026, seeking the identity of the holder of the account containing the disputed funds. *Id*. ¶¶ 15-16.[2] Coinbase identified the account holder as an individual with the initials N.E. *Id*. ¶ 17.

Coinbase asserts a crossclaim against N.E. and a counterclaim against Plaintiff for interpleader under Federal Rule of Civil Procedure 22. *Id*. ¶¶ 18-21. Coinbase alleges it is a disinterested stakeholder with respect to the disputed funds and does not know whether Plaintiff or N.E. is entitled to them. *Id*. ¶¶ 18-19. Coinbase further alleges the competing claims expose it to a genuine risk of conflicting claims and possible multiple liability if it independently determines which claimant is entitled to the disputed funds. *Id*. ¶ 20. Coinbase asks the Court to permit it to continue freezing the disputed funds and to require Plaintiff and N.E. to litigate their competing claims to those funds in this proceeding. *Id*. ¶¶ 22-23. Coinbase also seeks discharge from liability relating to the disputed funds and dismissal from the action. *Id*. ¶¶ 24-29.

**C. Coinbase's Motion**

Coinbase filed the present motion on August 26, 2026, seeking leave to serve N.E. by electronic mail at the email address associated with his Coinbase account.

According to Coinbase, when N.E. registered his account, he provided a driver's license listing a physical address in Salt Lake City, Utah, and he has never updated that address with Coinbase. *Id*. at 2. On August 14, 2026, a process server attempted to personally serve N.E. at that address but received no answer after ringing the doorbell twice and knocking on the door. *Id*.; Dunn Decl., Ex. A, ECF No. 31-2. The process server returned on August 16, 2026, at which time a woman who identified herself as N.E.'s mother stated that N.E. had moved from the residence

[2] Paragraph citations reference Coinbase's Crossclaim and Counterclaim, starting at page 18 of the Answer.

approximately a year and a half earlier, that she did not know where he currently lived, and that he might no longer reside in Utah. Dunn Decl., Ex. A.

Coinbase represents it has been unable to identify another physical address for N.E. through public-records searches, and it therefore contends personal service, substituted service at N.E.'s residence or place of business, and service by mail are impracticable. Mot. at 3. Coinbase also asserts that service by publication would be less likely than email to provide N.E. with actual notice because Coinbase has been unable to determine even the state in which N.E. currently resides. *Id*. at 3–4.

Coinbase maintains an email address associated with N.E.'s account, which N.E. provided when he registered the account in December 2017 and has never changed it. *Id*. at 4; Marais Decl. ¶ 7, ECF No. 31-1. Coinbase states that it has sent more than 300 emails to that address and that none has been returned as undeliverable. Marais Decl. ¶ 8. Coinbase further represents that emails sent to the address have been opened or used to access embedded links more than 50 times during the preceding three years, including in connection with a password reset and two-factor authentication for N.E.'s Coinbase account. *Id.* ¶ 9.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 4(e) governs the methods by which service may be effectuated. Rule 4(e)(1) permits service by any means permitted by the law of the state in which the case is pending, or the state in which the defendant resides. Under California law, service may be effectuated by personal delivery to the party, delivery to someone else at the party's usual residence or place of business with mailing after, service by mail with acknowledgment of receipt, service on persons outside the state by certified or registered mail with a return receipt requested, and substituted service by publication if the party to be served cannot "with reasonable diligence" be served in another approved manner. Cal. Code Civ. Proc. § 415.10-50. Section 413.30 provides another option: "if a plaintiff, despite exercising reasonable diligence, has been unable to effect service of the summons by any of the methods authorized under this chapter, the court in which the action is pending may, upon motion, direct that summons be served in a manner that is reasonably calculated to give actual notice to the party to be served, including by electronic mail

or other electronic technology, and that proof of such service be made as prescribed by the court." *Id*. § 413.30.

Alternative methods of service like email "must also comport with constitutional norms of due process." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). "To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). "Courts in the Ninth Circuit have interpreted *Rio Properties* to permit email service for defendants within the United States pursuant to California Law where email service is reasonably calculated to give actual notice to the party to be served, particularly where there is evidence that the defendant is evading service." *Barnes v. Scola*, 2026 WL 125613, at *2 (N.D. Cal. Jan. 16, 2026) (cleaned up; collecting cases). "In sum, email service is permitted when plaintiff demonstrates reasonable diligence in attempts to serve the defendant and service by email is reasonably calculated to give actual notice to the defendant." *Id.*

## IV. DISCUSSION

The Court finds Coinbase has diligently pursued service by other means. When N.E. registered his Coinbase account, he provided the physical address in Salt Lake City at which a process server tried twice to serve N.E., but a woman answering the door at that address purporting to be N.E.'s mother informed the process server that he no longer lives there and may live out of state. Coinbase has not been able to locate another physical address associated with N.E. through public records searches. These efforts reflect the requisite "reasonable diligence" for service under section 413.30. *See Rio Properties*, 284 F.3d at 1016-17; *Bein v. Bechtel-Jochim Grp.*, 6 Cal. App. 4th 1387, 1392 (1992) (Generally, "two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made"); *Barnes*, 2026 WL 125613, at *2 (permitting service by email where plaintiff's process server attempted to serve the necessary documents at the residential address provided by defendant to the USPTO). These efforts are therefore sufficient under the circumstances. *See Spyder Games LLC v. Thomas*, 2026 WL 787958, at *2 (N.D. Cal. Mar. 20,

2026) (applying section 413.30 and authorizing email service after examining both the efforts undertaken to effect conventional service and whether the proposed electronic method was reasonably calculated to provide notice); *Ellard v. Conway*, 94 Cal. App. 4th 540, 545 (2001) (holding further attempts at an address would have been futile after the process server learned the defendants had moved). Further, because Coinbase cannot ascertain what state N.E. lives in, service by publication is less likely to provide N.E. with actual notice of this proceeding than service by email. *See Cnty. of Riverside v. Superior Ct.*, 54 Cal. App. 4th 443, 450 (1997) ("In the usual case, service by publication is done as a method of last resort when the defendant cannot be found even after the exercise of reasonable diligence. We think it safe to say that there is really little expectation that a defendant so served will in fact acquire actual notice from the publication.").

The Court also finds that service at the email address associated with N.E.'s Coinbase account is reasonably calculated to provide actual notice. In *Rio Properties*, the Ninth Circuit approved email service where the circumstances demonstrated that email was the method "most likely to reach" the defendant. 284 F.3d at 1017. Although the Ninth Circuit recognized that email can present difficulties because receipt ordinarily cannot be confirmed, it instructed district courts to balance those limitations against the benefits of email in the circumstances of the particular case. *Id*. at 1018. The evidence Coinbase describes substantially mitigates those concerns here. N.E. provided the email address at issue when he registered his Coinbase account in December 2017 and has never changed it. Coinbase represents that it has sent more than 300 emails to that address and that none has bounced back as undeliverable, and messages sent to the address have been opened or used to access embedded links more than 50 times during the past three years, including in connection with a password reset and two-factor authentication for N.E.'s Coinbase account. These facts provide substantial evidence that the email address remains active and that N.E. accesses it in connection with the very Coinbase account containing the property at issue in this action. *See Dyer v. Ezeh*, 2025 WL 3146413, at *1, *3 (N.D. Cal. Nov. 11, 2025) (granting motion to serve defendant by alternative means through email address associated with the defendant's cryptocurrency account); *Meta Platforms, Inc. v. Arowokoko*, 2022 WL 4099215,

at *2 (N.D. Cal. Sept. 7, 2022) (authorizing Meta to effect service via email to "the same email addresses that Defendants used in connection with their Facebook accounts" where the email addresses were "valid and active because they did not bounce back, nor were they returned as undeliverable").

Accordingly, the Court finds that Coinbase has demonstrated reasonable diligence and that service through the email address associated with N.E.'s Coinbase account is reasonably calculated to provide N.E. with actual notice of Coinbase's crossclaim and an opportunity to respond. *See Rio Props.*, 284 F.3d at 1016–18; *Spyder Games*, 2026 WL 787958, at *2; *Barnes*, 2026 WL 125613, at *2.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Coinbase's motion to allow alternative service. Coinbase may serve the summons, complaint, and Coinbase's crossclaim and counterclaim on N.E. at the email address associated with his Coinbase account with return receipt requested, and file a proof of service.

**IT IS SO ORDERED.**

Dated: September 2, 2026

THOMAS S. HIXSON
United States Magistrate Judge