Robert E. Dunn (State Bar No. 275600)
rdunn@eimerstahl.com
EIMER STAHL LLP
1999 South Bascom Avenue, Suite 1025
Campbell, CA 95008
Telephone: (408) 889-1690

Christopher Markham (*pro hac vice*)
christopher.markham@coinbase.com
COINBASE, INC.
One Madison Avenue, Suite 2400
New York City, NY 10010
Telephone: (888) 908-7930

*Attorneys for Cross-Claimants and Counter-Claimants Coinbase Global, Inc. and Coinbase, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

D.B.,

Plaintiff and Counter-Defendant,

v.

JOHN DOE, COINBASE GLOBAL, INC., and COINBASE, INC.,

Defendants,

COINBASE GLOBAL, INC., and COINBASE, INC.,

Cross-Claimants and Counter-Claimants,

v.

N.E.,

Cross-Defendant.

Case No. 3:26-cv-04050-TSH

**CROSS-CLAIMANTS AND COUNTER-CLAIMANTS COINBASE GLOBAL, INC. AND COINBASE, INC.'S NOTICE OF MOTION AND MOTION FOR ORDER OF INTERPLEADER; MEMORANDUM OF POINTS AND AUTHORITIES**

Date: November 5, 2026
Time: 10:00 a.m.
Room: Courtroom E – 15th Floor
Magistrate Judge Hon. Thomas S. Hixson

**NOTICE OF MOTION AND MOTION FOR ORDER OF INTERPLEADER**

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on November 5, 2026 at 10:00 a.m. or as soon thereafter as the matter may be heard, Cross-Claimants and Counter-Claimants Coinbase Global, Inc. and Coinbase, Inc. (collectively, "Coinbase") will and hereby does move this Court, pursuant to Rules 22 and 67 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2361, for an Order of Interpleader to convert the cryptocurrency-based Disputed Funds into its cash equivalent and deposit those funds with the Court, to discharge Coinbase from liability with respect to those Disputed Funds, and to enjoin Counter-Defendant and Cross-Defendant from initiating proceedings against Coinbase with respect to the Disputed Funds in any court. This motion is based on this Notice, the accompanying Memorandum of Points and Authorities and supporting declaration, documents incorporated by reference or subject to judicial notice, and any other materials presented at the time of hearing.

Dated: October 1, 2026

Respectfully submitted,

By: /s/ *Robert E. Dunn*

Robert E. Dunn (State Bar No. 275600)
Eimer Stahl LLP
1999 South Bascom Avenue, Suite 1025
Campbell, CA 95008
Telephone: (408) 889-1690
rdunn@eimerstahl.com

Christopher Markham (*pro hac vice*)
christopher.markham@coinbase.com
COINBASE, INC.
One Madison Avenue, Suite 2400
New York City, NY 10010
Telephone: (888) 908-7930

*Attorneys for Cross-Claimants and Counter-Claimants Coinbase Global, Inc. and Coinbase, Inc.*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Cross-Claimants and Counter-Claimants Coinbase Global, Inc. and Coinbase, Inc. (collectively, "Coinbase") submit this memorandum of law in support of their motion for an Order of Interpleader granting leave to deposit disputed funds with the Court.

Coinbase operates a cryptocurrency exchange where users can establish retail accounts to buy, sell, trade, and hold various cryptocurrencies. One such account contains cryptocurrency assets whose ownership is disputed between Counter-Defendant D.B. and Cross-Defendant N.E. Coinbase has no stake in that ownership dispute and seeks to deposit the disputed funds with the Court pursuant to Rule 67 of the Federal Rules of Civil Procedure. Coinbase should then be discharged from all liability and any further involvement in this litigation, and Counter-Defendant and Cross-Defendant should be enjoined from initiating proceedings against Coinbase with respect to those funds in any court. The Parties have met and conferred on this motion and Plaintiff assents.

## II. STATEMENT OF FACTS

Plaintiff and Counter-Defendant D.B.'s complaint alleges that D.B. held cryptocurrency assets in the form of the stablecoin DAI, which is pegged to the U.S. dollar. Compl., ECF No. 1, ¶ 16. D.B. alleges that thieves were able to gain unauthorized access to his account on the non-custodial DeFi management tool "DefiSaver" on Ethereum, from which thieves drained DAI stablecoins from D.B.'s wallet using a complex series of transactions to launder the stolen assets and conceal their source, location and control. *Id.* ¶¶ 15, 18–19.

In addition to notifying law enforcement, D.B. retained Zero Shadow and Five Stones Intelligence to trace the stolen cryptocurrency. *Id.* ¶ 22. D.B. alleges that Zero Shadow traced a portion of the stolen funds to a Coinbase retail-user account (the "Disputed Funds"). *Id.* ¶ 24. Coinbase received that information and froze the allegedly stolen funds. Declaration of Christopher Markham ("Markham Decl.") ¶¶ 3–4. Coinbase has also confirmed that the account belongs to a Coinbase retail user N.E. *Id.* ¶ 4. Coinbase continues to freeze that account, *id.* ¶ 5, and D.B. continues to assert ownership of the cryptocurrency in that account, Compl. ¶ 30.

With respect to the Disputed Funds, Coinbase is a disinterested stakeholder and does not know which of D.B. or N.E. is entitled to those funds. Markham Decl. ¶ 6. On July 20, 2026, Coinbase filed its Answer with Cross-Claim and Counterclaim for Interpleader, asking that D.B. and N.E. be required to interplead in this proceeding and that Defendants settle between themselves any and all claims which each or any of them may have to the Disputed Funds. ECF No. 19.

Coinbase served N.E. with all pleadings on September 3, 2026. ECF No. 34. N.E. did not answer the Complaint or Cross-Complaint within the allotted time, and Coinbase filed a request for entry of default on September 29, 2026. ECF No. 37.

On September 29, 2026, Coinbase met and conferred with counsel for D.B., and D.B. does not oppose Coinbase's motion for order of interpleader. Markham Decl. ¶ 7.

## III. ARGUMENT

Rule 22 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2361 allow a party to "file a claim for interpleader if there is a possibility of exposure to double or multiple liability." *Lee v. W. Coast Life Ins. Co.*, 688 F.3d 1004, 1009 (9th Cir. 2012). The purpose of interpleader is to protect a stakeholder "against the problems posed by multiple claimants to a single fund" and to "limit[] litigation expenses." *Id.* (quoting *Mack v. Kuckenmeister*, 619 F.3d 1010, 1024 (9th Cir. 2010)). Interpleader "prevents the stakeholder from being obliged . . . to run the risk of guessing which claimants may recover from the fund." *Id.* (internal quotation marks omitted).

An interpleader action typically involves two stages. First, "the district court decides whether the requirements for a rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are claimants to that fund." *In re 1563 28th Avenue, S.F., CA 94112*, 333 F.R.D. 630, 635 (N.D. Cal. 2019) (quoting *Lee*, 688 F.3d at 1009). Second, if interpleader was properly brought, "the district court will then make a determination of the respective rights of the claimants." *Id.*

Further, "if an interpleading plaintiff has no interest in the stake he should be dismissed." *Id.* (internal quotation marks omitted). "[T]he Supreme Court has stated that interpleader is a 'remedial' device to be 'liberally construed.'" *Prudential Ins. Co. of Am. v. Wells*, No. C09-0132

BZ, 2009 WL 1457676, at *2 (N.D. Cal. May 21, 2009) (citing *State Farm & Cas. Co. v. Tashire*, 386 U.S. 523, 533 (1967)). The general requirements for interpleader are:

> Interpleader requires that the plaintiff-stakeholder have control over a particular fund or property. Further, there must be multiple, adverse claims made to that same property or fund. Finally, the plaintiff-stakeholder must have a reasonable fear of . . . double liability or the vexation of conflicting claims. . . . If a plaintiff-stakeholder has satisfied the interpleader requirements listed above, the court may discharge the stakeholder from liability and dismiss her from the action [and] request injunctive relief in which the court enjoins pending or future proceedings against it by defendants in any other court.

*Field v. United States*, 424 F. Supp. 3d 904, 907–08 (E.D. Cal. 2019) (internal citations omitted).

Rule 67 of the Federal Rules of Civil Procedure provides a mechanism for "depositing the disputed property with the Court in an interpleader case." *In re 1563 28th Avenue*, 333 F.R.D. at 635 (internal quotation marks omitted). That rule provides, in relevant part: "If any part of the relief sought is a money judgment or the disposition of a sum or money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit." Fed. R. Civ. P. 67(a). "Rule 67 enables a party to be relieved of responsibility for a disputed fund, while the parties litigate ownership of the fund." *Methven & Assocs. Prof'l Corp. v. Paradies-Stroud*, No. C 13-01079 JSW, 2014 WL 231654, at *2 (N.D. Cal. Jan. 21, 2014).

Here, the Disputed Funds are in a single cryptocurrency account. D.B. and N.E. are both claimants to the cryptocurrency in that account. *See* Compl. ¶¶ 30–32. Coinbase has no stake in the dispute between D.B. and N.E., nor an interest in the Disputed Funds. ECF No. 19, at 19 ¶ 18. Coinbase also has a reasonable fear that it could be subject to competing claims to the Disputed Funds made by D.B. and N.E. *Id.* ¶ 20. Accordingly, this Court should grant Coinbase's interpleader request and order Coinbase to convert the cryptocurrency-based Disputed Funds into its cash equivalent and deposit those funds with the Court pursuant to Rule 67. *See* Compl. ¶ 16 ("DAI stablecoins are personal property with an easily determined market value."). Coinbase should also be discharged from liability with respect to the funds and enjoin future claims against the interpleader plaintiff for the funds. *See, e.g.*, *Am. Gen. Life Ins. Co. v. Hart*, No. 16-CV-03904-

LB, 2017 WL 1370721, at *2 (N.D. Cal. Apr. 7, 2017) (discharging interpleader plaintiff from liability and enjoining defendants from suing the interpleader plaintiff "in an action that makes a claim to the interpleaded funds"); *Sun Life Assur. Co. of Canada v. Chan's Est.*, No. C-03-2205 SC, 2003 WL 22227881, at *2 (N.D. Cal. Sept. 22, 2003) (same); *Securian Life Ins. Co. v. Gillis*, No. 4:23-cv-03585-KAW, 2024 WL 1199016, at *6 (N.D. Cal. Mar. 20, 2024) (same).

Here, all four requirements are met. Coinbase is a disinterested stakeholder and concedes that it has no interest in the Disputed Funds. Coinbase will convert the Disputed Funds from cryptocurrency into its cash equivalent and deposit it with this Court upon this Court's order. And Coinbase seeks a discharge from liability. Coinbase met and conferred with counsel for D.B., and D.B. does not oppose Coinbase's motion for order of interpleader. Markham Decl. ¶ 7.

## IV. CONCLUSION

For the foregoing reasons, Coinbase respectfully requests that the Court enter an order granting interpleader relief by authorizing Coinbase to convert the cryptocurrency held in the disputed account into cash and deposit the Disputed Funds with the Court, discharging Coinbase from further liability to the Disputed Funds, and enjoining the Counter-Defendant and Cross-Defendant from initiating proceedings against Coinbase with respect to those funds in any court.

Dated: October 1, 2026

Respectfully submitted,

By: /s/ *Robert E. Dunn*

Robert E. Dunn (State Bar No. 275600)
Eimer Stahl LLP
1999 South Bascom Avenue, Suite 1025
Campbell, CA 95008
Telephone: (408) 889-1690
rdunn@eimerstahl.com

Christopher Markham (*pro hac vice*)
christopher.markham@coinbase.com
COINBASE, INC.
One Madison Avenue, Suite 2400
New York City, NY 10010
Telephone: (888) 908-7930

*Attorneys for Cross-Claimants and Counter-Claimants Coinbase Global, Inc. and Coinbase, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2026, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all registered counsel of record.

Dated: October 1, 2026

*/s/ Robert E. Dunn*
Robert E. Dunn