Patricia L. Peden (State Bar No. 206440)
Jesse A. Macias (State Bar No. 254794)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
26-4050@cases.warrenllp.com

Laurin H. Mills
WERTHER & MILLS, LLC
2121 Eisenhower Avenue, Suite 608
Alexandria, Virginia 22314
+1 (703) 547-4693
+1 (240) 912-3031 facsimile
laurin@werthermills.com

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| D.B.,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE, COINBASE GLOBAL, INC., and COINBASE, INC.,<br><br>Defendants,<br><br>COINBASE GLOBAL, INC., and COINBASE, INC.,<br><br>Cross-Claimants and Counter-Claimants,<br><br>v.<br><br>JOHN DOE,<br><br>Cross-Defendant. | Case No. 3:26-cv-04050-TSH<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: October 8, 2026.<br>Time: 10:00 a.m.<br>Place: Courtroom E, 15th Floor<br>Judge: Hon. Thomas S. Hixson |

Under Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California for Contents of Joint Case Management Statement, the

Standing Order for Magistrate Judge Thomas S. Hixson, this Court's Initial Case Management Scheduling Order of May 7, 2026 (ECF No. 6), and this Court's Order of September 10, 2026 (ECF No. 36), Plaintiff D.B. and Defendants, Cross-Claimants, and Counter-Claimants Coinbase Global, Inc. and Coinbase, Inc. (together, "Coinbase") submit this Joint Case Management Statement in advance of the Initial Case Management Conference set for Thursday, October 8, 2026, at 10:00 a.m.

In a good faith effort to file a joint case management statement on behalf of all parties, Plaintiff and Coinbase note that Cross-Defendant John Doe, who proceeds in this action under the pseudonym "N.E." by order of the Court (ECF No. 27), was served with the summons, Coinbase's cross-claim, and Plaintiff's Complaint on September 3, 2026 (ECF No. 34), and that his deadline to respond was September 24, 2026. As of this filing, N.E. has not appeared or otherwise contacted counsel for the parties, and the parties therefore submit this Statement without his participation. All statements below are joint unless otherwise indicated.

**1. Jurisdiction and Service**

Plaintiff's Complaint asserts claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962(c), 1962(d), and 1964(c), and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, which give the Court federal-question jurisdiction under 28 U.S.C. § 1331, and related state-law claims over which the Court has supplemental jurisdiction under 28 U.S.C. § 1367.

The Complaint also alleges diversity jurisdiction under 28 U.S.C. § 1332: Plaintiff is a citizen of Puerto Rico, Coinbase Global, Inc. and Coinbase, Inc. are Texas corporations, and John Doe is alleged to be a citizen or subject of a foreign state. Coinbase's cross-claim and counterclaim for interpleader arise under Federal Rule of Civil Procedure 22 and fall within the Court's supplemental jurisdiction.

All parties who have appeared have consented to the jurisdiction of a magistrate judge (ECF Nos. 8, 14).

Coinbase waived service of the summons (ECF Nos. 12, 13). On July 20, 2026, Coinbase answered the Complaint and filed a cross-claim and counterclaim for interpleader under Rule 22 against John Doe, whom Coinbase had identified through court-ordered early discovery as the holder of the Coinbase account into which the disputed funds were deposited (ECF No. 19).

//

After the Court authorized alternative service by electronic mail (ECF No. 33), Coinbase served N.E. with the summons, the cross-claim, and a copy of Plaintiff's Complaint on September 3, 2026 (ECF No. 34). N.E. failed to respond by September 24, 2026, and Coinbase filed a notice of default on September 29, 2026. (ECF No. 37). On October 1, 2026, Coinbase filed a motion for order of interpleader. (ECF No. 38).

**2. Facts**

**A. Brief Chronology**

On August 20, 2024, Plaintiff was the victim of a cryptocurrency theft. Plaintiff held and managed his cryptocurrency through DefiSaver. Using a phishing kit known as "Inferno Drainer," the thief or thieves lured Plaintiff to a counterfeit DefiSaver login page, obtained control of his wallet, and drained it. The thief or thieves then laundered the proceeds through CowSwap, Tornado Cash, and other similar non-custodial cryptocurrency mixers that provide transaction privacy by breaking the link between deposit and withdrawal addresses on blockchain networks. Plaintiff retained blockchain-tracing firms, which traced a portion of the stolen funds to a Coinbase retail-user account (the "Disputed Funds") and notified Coinbase. Coinbase confirmed that the account belonged to a Coinbase retail user, confirmed that the funds were still in that account, and imposed measures preventing their dissipation.

The Disputed Funds remain frozen. Plaintiff demanded their return and Coinbase declined to release them without a court order adjudicating ownership. Plaintiff filed this action on May 4, 2026. Through early discovery, Coinbase identified the account holder, N.E., and filed a cross-claim and counterclaim for interpleader asking the Court to determine whether Plaintiff or N.E. is entitled to the Disputed Funds.

**B. Principal Factual Issues in Dispute**

The principal factual issue in dispute known to the parties is whether Plaintiff is entitled to immediate possession of the Disputed Funds.

**3. Legal Issues**

The principal legal issues in dispute known to the parties are:

1. Whether Plaintiff is entitled to immediate possession of, the Disputed Funds, and whether he is entitled to declaratory relief under 28 U.S.C. §§ 2201-2202, restitution, a

constructive trust, an equitable lien, and claim-and-delivery relief under California Code of Civil Procedure § 511.010 et seq. (Counts IV through VIII);

2. Whether John Doe is liable to Plaintiff under 18 U.S.C. §§ 1962(c) and 1962(d) and 18 U.S.C. § 1030 (Counts I through III), and the measure of damages, including treble damages under 18 U.S.C. § 1964(c).

**4. Motions**

**A. Prior Motions**

On May 4, 2026, Plaintiff moved to file portions of the Complaint under seal (ECF No. 3); the Court granted the motion on May 6, 2026 (ECF No. 5).

On June 29, 2026, the parties filed a joint discovery letter brief seeking leave for Plaintiff to serve limited early discovery on Coinbase, Inc. to identify the account holder, together with a stipulated protective order (ECF No. 15); the Court granted the request and entered the Stipulated Protective Order the same day (ECF Nos. 16, 17).

On July 20, 2026, Coinbase moved to file its Answer and interpleader under seal (ECF No. 18); the Court granted the motion on July 24, 2026 (ECF No. 21).

On August 3, 2026, Coinbase moved for leave to proceed against the cross-defendant under a pseudonym and to file a declaration of his true identity under seal (ECF No. 23), which Plaintiff did not oppose; the Court granted the motion on August 7, 2026 (ECF No. 27).

On August 26, 2026, Coinbase moved for leave to serve N.E. by electronic mail and to file supporting materials under seal (ECF Nos. 30, 31); the Court granted both motions (ECF Nos. 32, 33).

**B. Pending Motions**

On September 29, 2026, Coinbase filed a request for entry of default against N.E. (ECF No. 37).

On October 1, 2026, Coinbase filed a motion for order of interpleader. (ECF No. 38). Plaintiff does not oppose the motion.

**C. Anticipated Motions**

Plaintiff anticipates moving for summary judgment on his entitlement to the Disputed Funds. The parties may file other dispositive and non-dispositive motions as the case progresses.

//

**5. Amendment of Pleadings**

Plaintiff may amend the Complaint, and may add or dismiss claims as discovery warrants.

**6. Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and [will meet and confer / met and conferred on [date]] under Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps to preserve relevant evidence. Coinbase has frozen the account holding the Disputed Funds and continues to preserve records relating to that account.

**7. Disclosures**

Under the Court's Order (ECF No. 36), initial disclosures under Fed. R. Civ. P. 26(a)(1) are due October 1, 2026, the same date as this Case Management Statement. The parties will serve their initial disclosures accordingly.

**8. Discovery**

With the Court's leave (ECF No. 16), Plaintiff served one request for production and one interrogatory on Coinbase, Inc. directed to the identity of the account holder, and Coinbase responded on July 20, 2026. No other discovery has been taken.

The parties do not presently propose any modification of the discovery limits in the Federal Rules or the Civil Local Rules.

The Stipulated Protective Order (ECF No. 17) governs confidential material, and the parties do not believe a separate e-discovery order is necessary. There are no discovery disputes.

**9. Class Action**

Not applicable.

**10. Related Cases**

None.

**11. Relief**

Plaintiff's Statement: Plaintiff seeks a declaration that he is the rightful owner of the Disputed Funds and is entitled to immediate possession of them; an order directing Coinbase to release the Disputed Funds to Plaintiff or to a wallet he designates; claim-and-delivery relief; imposition of a constructive trust and equitable lien over the Disputed Funds and their traceable proceeds; restitution;

compensatory damages against John Doe in the value of the stolen digital assets alleged in the sealed Complaint, trebled under 18 U.S.C. § 1964(c); pre- and post-judgment interest; and costs and attorneys' fees under 18 U.S.C. § 1964(c). Plaintiff will calculate damages against John Doe based on the value of the DAI stablecoins taken from his wallet, the costs of the forensic investigation, and the fees and costs of this action.

Coinbase's Statement: Coinbase has no interest in the Disputed Funds and has sought an order of interpleader that would direct it to deposit the Disputed Funds with the Court. Coinbase contends that once the funds are deposited with the Court, it should be dismissed. Coinbase will cooperate with reasonable discovery requests from Plaintiff related to Plaintiff's claim against N.E.

**12. Settlement and Alternative Dispute Resolution**

Coinbase filed its ADR Certification on July 27, 2026 (ECF No. 22). Plaintiff filed its ADR Certification today, October 1, 2026 (ECF No. 38). The parties have agreed to discuss ADR options with the Court at the Initial Case Management Conference.

**13. Other References**

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. Narrowing of Issues**

Plaintiff and Coinbase have cooperated throughout this action to narrow the issues, including by agreeing to early discovery to identify the account holder, a stipulated protective order, and Coinbase's interpleader of the Disputed Funds. N.E. has now failed to appear within the time allowed. The parties therefore expect the remaining issues to be resolved by default proceedings against N.E. and an order directing distribution of the Disputed Funds.

**15. Scheduling**

Subject to the Court's availability, the parties propose the following schedule. Dates for hearings and trial are subject to the Court's convenience.

| Event | Proposed Date |
| --- | --- |
| Close of fact discovery | Thursday, March 25, 2027 |

| | |
|---|---|
| Opening expert reports | Thursday, April 15, 2027 |
| Rebuttal expert reports | Thursday, May 13, 2027 |
| Close of expert discovery | Thursday, June 3, 2027 |
| Last day to file dispositive motions | Thursday, June 17, 2027 |
| Hearing on dispositive motions | Thursday, July 29, 2027 |
| Final pretrial conference | Thursday, October 7, 2027 |
| Trial | Monday, October 25, 2027 |

**16. Trial**

Plaintiff has demanded a jury trial on all issues so triable. The interpleader claims are equitable and will be tried to the Court. The parties estimate that trial will take three days.

**17. Disclosure of Non-Party Interested Entities**

Plaintiff files his Certification of Conflicts, and Interested Entities and Persons concurrently with this Statement. Plaintiff is an individual, and other than the named parties, there is no person or entity known to Plaintiff to have either a financial interest in the subject matter in controversy or in a party to the proceeding, or any other kind of interest that could be substantially affected by the outcome of the proceeding.

Coinbase Inc. is a wholly owned subsidiary of Coinbase Global, Inc, a publicly traded company incorporated in Texas. No company owns more than 10% of the stock of Coinbase Global, Inc. Other than the parties to this litigation, there is no person or entity known to Coinbase to have a financial interest in the subject matter in controversy.

**18. Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19. Other Matters that Facilitate Just, Speedy, or Inexpensive Disposition**

The parties request that the Court address N.E.'s status at the Initial Case Management Conference. N.E.'s deadline to respond to the cross-claim was September 24, 2026, and he has not

//

appeared. Coinbase has filed a request for entry of default. Plaintiff proposes that the Court set a deadline for a motion for default judgment and for distribution of the Disputed Funds.

Date: October 1, 2026

Respectfully submitted,

*<u>/s/ Robert E. Dunn</u>*

Robert E. Dunn (State Bar No. 275600)
Eimer Stahl LLP
1999 South Bascom Avenue, Suite 1025
Campbell, CA 95008
Telephone: (408) 889-1690
rdunn@eimerstahl.com

Christopher Markham (appearance pro hac vice)
christopher.markham@coinbase.com
COINBASE, INC.
One Madison Avenue, Suite 2400
New York, NY 10010
Telephone: (888) 908-7930

*Attorneys for Defendants and Cross-Claimants Coinbase Global, Inc. and Coinbase, Inc.*

*<u>/s/ Patricia L. Peden</u>*

Patricia L. Peden (State Bar No. 206440)
Jesse A. Macias (State Bar No. 254794)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
26-4050@cases.warrenllp.com

Laurin H. Mills
WERTHER & MILLS, LLC
2121 Eisenhower Avenue, Suite 608
Alexandria, Virginia 22314
+1 (703) 547-4693
+1 (240) 912-3031 facsimile
laurin@werthermills.com

*Counsel for Plaintiff*

## ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), the undersigned filer attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Date: October 1, 2026 *<u>/s/ Patricia L. Peden</u>*